NAN W. BAILEY, Respondent, v. LAURA BAILEY, Individually and as Executrix of the Estate of Fredrick H. Bailey, Deceased, Appellant.

(207 N. W. 987.)

**Divorce — court has jurisdiction over all the property, both real and personal, and may distribute same as may be just and proper.**

1. The word "property" includes property real and personal, and when a divorce is granted the court has jurisdiction over all the property of the parties, both real and personal, and may distribute the same as may seem just and proper.

**Divorce — agreement of parties in divorce suit may be included in findings of fact and in final decree; filing of judgment in divorce suit in office of register of deeds gives valid lien on property specified therein.**

2. The plaintiff and defendant in a divorce action agreed on a division of their property. The court on granting divorce to the plaintiff adopted and approved the agreement, and at the special instance and request of the parties included such agreement in the findings of fact, conclusion of law and final

---

Note.—(4) Consideration of construction placed upon contract by parties themselves, see 6 R. C. L. 853; 2 R. C. L. Supp. 228; 4 R. C. L. Supp. 446; 5 R. C. L. Supp. 373; 6 R. C. L. Supp. 415.

decree. By the terms of said agreement, the plaintiff was given the homestead and the defendant was to pay all incumbrances thereon, and as security therefor, the plaintiff was to have a first lien on certain rugs, and other personal property specifically described. Held that the court had jurisdiction to include in the findings of fact and conclusions of law and final decree, the said agreement of the parties and the inclusion of said agreement in the final decree with a specific description of the property upon which the plaintiff was to have the lien, and the filing of the same in the office of the clerk of court and the office of the register of deeds, gave to the plaintiff a good and valid lien for the payment of incumbrances against the homestead.

**Divorce — in divorce suit, agreement between parties as to division of property, findings of fact and conclusions of law and decree must be taken together so as to give effect to every part, if practicable.**

3. The words "exist" and "until" are usually words of limitation but such construction yields to the manifest intention of the parties and under the general rules and statutes of this state governing the interpretation of contracts the agreement between the parties, the findings of fact and conclusions of law and decree must be considered, and taken together so as to give effect to every part, if reasonably practicable, each clause helping interpret the others.

**Contracts — construction of parties themselves may be resorted to in determining their intention.**

4. The construction that the parties themselves placed upon the contract may be resorted to to determine their intention.

**Divorce — decree in divorce suit held binding on defendant; lien created binding on defendant's estate.**

5. The decree in the divorce action and the lien created thereby was binding upon Fredrick H. Bailey, the defendant in the divorce action, and upon his estate. The defendant in the case at bar, Laura Bailey, is his personal representative, and has no greater rights over the property covered by the lien than Fredrick H. Bailey would have if he were living. Any individual rights the defendant, Laura Bailey, may have to said property, comes through Frederick H. Bailey, and are subject to the lien.

Opinion filed February 18, 1926. Rehearing denied March 17, 1926.

Contracts, 13 C. J. § 486 p. 525 n. 41, 42; p. 527 n. 45, 46; § 514 p. 542 n. 30, 31; p. 543 n. 32; § 517 p. 546 n. 54; p. 548 n. 55. Divorce, 19 C. J. § 770 p. 331 n. 97; § 783 p. 339 n. 44 New; § 787 p. 340 n. 60, 71 New. Property, 32 Cyc. p. 649 n. 17. Until, 39 Cyc. p. 841 n. 45; p. 842 n. 46, 47.

Appeal from the District Court of Cass County, *Cooley,* J.
Affirmed.

*Shure & Murphy,* for appellant.

The rule is that in the absence of express statutory authorization a decree of alimony cannot be made a lien upon the personal estate of the husband, even though the court may possess the power to create a lien as to real property. Johnson v. Johnson, 55 Am. St. Rep. 113, 43 Pac. 150; Frost v. Atwood (Mich.) 16 Am. St. Rep. 560, 41 N. W. 96; 2 Bishop, Marr. & Div. § 1100.

*Richardson, Green & Wattam,* for respondent.

Under the allegations of the complaint and of the decree it must be held that an equitable lien exists, since the creation of a lien is expressly provided for, and the property upon which the lien was to operate is specifically described. See Suchy v. Strain (N. D.) 199 N. W. 193; Coykendall v. Kellogg (N. D.) 198 N. W. 472; 37 C. J. pp. 319, 327; Ludlum v. Rothchild (Minn.) 43 N. W. 137.

Liens, either by contract of the parties or by operation of law, are of too sacred a character to be divested or even impaired by vague and uncertain implication. Both policy and morality require that they should be sustained when it can be done without a violation of positive law. 17 R. C. L. 599.

BURKE, J. The complaint in this action alleges that a decree of divorce was entered on April 28, 1922, in the district court of Cass county, divorcing the plaintiff from Fredrick H. Bailey, and a copy of the decree in the divorce case is attached to, and made a part of the complaint. That said decree required the defendant to pay to the plaintiff $150 a month alimony, an additional sum of $25 per month for November, December, 1922, and January, February and March 1923. The said Fredrick H. Bailey was further required to assume and pay all existing installments or encumbrances upon the property known as the North Broadway property as described in the decree, which was by the terms of said decree made an obligation upon the defendant, his executors and administrators, and his estate. That the said Fredrick H. Bailey failed to pay the installments and encumbrances upon the said North Broadway property, and there was due upon the same, on the 29th day of May, 1925, the sum of $1,000 and interest since July 28, 1923 at 8 per cent per annum. Before the trial of the divorce action the plaintiff and the defendant then husband

and wife agreed upon a settlement and division of the property belonging to said husband and wife, which was to be carried out if a divorce was granted to the plaintiff, and it was specifically agreed between the said husband and wife, that the said Fredrick H. Bailey should assume, and pay, and satisfy all installments or encumbrances existing against the homestead, known as the North Broadway property and described and set forth in the decree, and it was expressly understood and agreed between the said parties, as a part of the said property settlement, that the plaintiff should have, and by the terms of said agreement was expressly given a first and prior lien upon property belonging to said parties, as security for the prompt fulfilment and carrying out of any and all obligations and agreements of the said Fredrick H. Bailey, and further providing that if the defendant was in default plaintiff might take possession of the property and foreclose lien thereon. ·

The divorce was granted and upon the express request of the parties, the court approved and adopted the property settlement made by the said parties and included the same in the findings of fact and conclusions of law and order for judgment, and upon the request and with the consent of both parties included the same in the final decree of divorce, that it was expressly understood and agreed by the said parties at the time of making the settlement, and of the findings of fact and conclusion of law order for judgment, and the entry of decree and at all times since and during the lifetime of said Fredrick H. Bailey, that the plaintiff had a lien upon the ' property hereinafter described under the terms of such settlement and the said decree covering all of the obligations, and payments required to be made by the said Fredrick H. Bailey, up to June 1, 1923, and it was at all time understood and agreed by the said parties that the said lien should cover and be enforcible as against the said personal property, for the performance of all of the obligations and payments required to be made by the said Fredrick H. Bailey up to June 1, 1923. That after June 1, 1923, ·Fredrick H. Bailey did not pay encumbrances due on the North Broadway property, as required by the decree, and that· after June 1, 1923, it was at all times understood and agreed by said parties and their attorneys that the plaintiff had a lien upon said personal property to secure the payment of the encumbrances on the

North Broadway property, and that the enforcement of said lien as continued from time to time by reason of financial and physical difficulties of Fredrick H. Bailey, and upon his special instance and request, and at no time during the lifetime of said Fredrick H. Bailey, did he, or any of his representatives, claim or suggest that the said agreement was not in full force and effect. Plaintiff further alleges that at all times it was the understanding and interpretation placed upon said property settlement, the findings, conclusions, order and decree by this plaintiff, Fredrick H. Bailey, and attorneys of said parties that a good and valid lien was created thereby in favor of the plaintiff, and against said personal property and the same covered unpaid obligations under said decree up to June 1, 1923, that the same might be foreclosed upon default; that during the lifetime of Fredrick H. Bailey, he assumed responsibility for and control of the installments and encumbrances on the North Broadway property, conducted all arrangements and made various payments of interest. That on September 1, 1923, Fredrick H. Bailey was married to the above named defendant Laura Bailey, and on August 21, 1924, he died, and Laura Bailey was appointed as acting executrix of his estate, and that neither the said Fredrick Bailey nor the said defendant, as executrix nor any other person has paid the said encumbrance (then follows a description of the property). It is further alleged that the decree was filed in the office of the clerk of the district court of Cass county on April 28, 1922, and in the office of register of deeds, as a chattel lien on said property; that the defendant Laura Bailey individually and as executrix has, or claims to have, some title or interest in, to, or concerning the said personal property adverse to the plaintiff. Plaintiff prays that the defendant be required to set forth her right and interest, in said property, and that the same be declared inferior to plaintiff's lien, and for judgment and decree of foreclosure. The decree in the divorce action grants to the plaintiff the homestead and premises on North Broadway, together with all the furnishings, appurtenances and contents thereof, as her sole separate property except as herein specifically limited; that the defendant assume and pay all existing unpaid installments or encumbrances upon said North Broadway property, payment to be made when same becomes due, but not later than June 1, 1923; that the defendant is to pay taxes, assessments

on said North Broadway property, which shall become due December 1, 1922. Defendant shall assume and pay the following list of bills and accounts (then follows in the decree a list of bills, including costs and disbursement of the action, for attorney fees to plaintiff's attorney, provisions for the payment of alimony), and it is then provided that said plaintiff shall deliver to the said defendant after the entry of this decree, or as soon thereafter as the defendant may require the same, from the North Broadway residence, the following rugs now in the said North Broadway residence (then follows a description of the rugs and other property). The defendant is also to have the chandelier in the dining room of the North Broadway residence, possession to be given when said North Broadway residence shall have been sold and disposed of by the plaintiff. The plaintiff shall have a first and prior lien upon all the foregoing personal property, which is to be delivered to defendant as hereinbefore provided as security for the prompt following and carrying out of any or all of the obligations of said defendant herein set forth and said lien shall exist and be in force and effect until June 1, 1923, and in event of default on the part of the defendant of any of the covenants and obligations heretofore set forth the said plaintiff may take possession of any or all of said personal property, and the said lien may be foreclosed by said plaintiff in manner and form as provided for the foreclosure of liens or personal property (then follows a description of the North Broadway property). The defendant demurs to this complaint alleging that it does not state facts sufficient to constitute a cause of action against Laura Bailey individually, that it appears upon the face thereof that the purported lien described in the judgment and decree is wholly void that the court was without jurisdiction to create a lien as set forth in the decree, that it appears in the amended complaint and in said decree, that said attempted lien by its own terms expired and became void from since the first day of June, 1923, that said amended complaint shows upon its face that the said alleged lien does not constitute notice of a lien after the first day of June, 1923. A similar demurrer is filed by Laura Bailey individually and as executrix of the estate of Fredrick H. Bailey. The demurrers were overruled, and the defendant Laura Bailey individually and as executrix appeals to this court. It is her contention first, that the lien claimed is void because of lack

of jurisdiction in the court to create the same, second, that the lien expired by its own terms on June 1, 1923, and did not exist at the time of the commencement of this action; third, that the complaint fails to allege that the defendant had actual or constructive notice of the existence of such lien after June 1, 1923.

Section 4405, Comp. Laws 1913 provides, "When divorce is granted the court shall make such equitable distribution of the property of the parties thereto as may seem just and proper."

Subdivision 1, § 7309 reads as follows, "The word property includes property real and personal," and when the law gives to the court the power to make equitable distribution of the property of the parties, it gives jurisdiction over both real and personal property, for the term property includes both. The disposition made of the property in this action was at the special instance and request of the plaintiff and defendant in the divorce action. According to the complaint, the defendant Fredrick H. Bailey said in effect to the court, you may include in your findings, conclusions and decree a provision granting to the plaintiff the homestead on North Broadway and all the personal property therein, except certain rugs, and other property in the house all of which he specifically describes, and in addition to alimony I will pay all indebtedness against the homestead as the same becomes due but not later than January 1, 1923. As security for the prompt fulfillment and carrying out of any, or all of the obligations required of me, you may include a provision in the findings, conclusions, and decree, that the plaintiff shall have a first and prior lien upon all of the personal property delivered to the defendant by the plaintiff from said house, and it further appears in the complaint that the plaintiff and the defendant agreed to such division and disposal of their property and that said agreement was approved and adopted by the court, and included in the findings, conclusions and decree in accordance with the wishes of the parties in said divorce action. The complaint further says that judgment was duly entered in the office of the clerk of the district court of Cass county, and the same was filed in the office of the register of deeds of said county as a chattel lien.

Under section 4405, the court may distribute the property.

Under section 4406, the court may require such party to give reasonable security for making payments required in a divorce action. The

court could have given the homestead and all the personal property therein to the plaintiff, if the same was just and proper. The court could have made disposition of the property as it was divided without the agreement of the parties, if just and proper. The court could have given the homestead and certain personal property to the plaintiff, and certain personal property to the defendant and he could have required the defendant to give security for the payment of his divorce obligations, and if instead of making the decree a lien the defendant had given the plaintiff a chattel mortgage on the identical personal property described, the plaintiff would have a valid chattel mortgage on said property. The defendant agreed in open court that the court might include in the decree the provisions such as were included in the divorce proceedings, and the making of said lien with his consent is just as much his action and as binding upon him and the property as though he had given a chattel mortgage. The, defendant contends further that if there was a lien, it expired by its own terms on June 1, 1923, and did not exist at the time of the commencement of this action. This claim is based on the language in the decree, viz.: "Said lien shall exist and be in full force and effect *until* June 1, 1923." The defendant insists that this language must be strictly construed, that the term "exist," means to live to have life or animation, that it is the same as though the decree had provided that this lien should live until June 1, 1923. It is the contention of the plaintiff, and it is so alleged in the complaint, that the lien covers all the indebtedness and encumbrances against the North Broadway property, all of which was to be paid not later than January 1, 1923, but at the special instance and request of Fredrick H. Bailey the enforcement of said lien was continued and postponed from time to time, and that it was at all times the understanding and interpretation of the parties that a good and valid lien was created in favor of the plaintiff securing all unpaid obligations up to June 1, 1923, that it did not cease to be valid as to such obligations, and that it was so understood and so treated by all the parties and their attorneys during the lifetime of the defendant who died August 21, 1924, more than a year after the defendant claims that the lien had ceased to be valid.

The plaintiff further claims that the entire decree, findings and conclusions, and the agreement between the plaintiff and defendant

in the divorce action must be considered together to determine the intention of the parties; that the general rules and statutes of the state governing the interpretation of contracts must be applied. This court is of the opinion that the plaintiff's contention is right. The lien is based upon the contract between the plaintiff and the defendant. It is their contract under the allegations of the complaint, and under the statutes and the decision of this court, the whole contract is to be taken together so as to give effect to every part, if reasonably practicable, each clause helping interpret the others. Comp. Laws 1913, § 5901; Harney v. Wirtz, 30 N. D. 292, 152 N. W. 803; Mountrail County v. Farmers' State Bank, ante, 789, 208 N. W. 380, decided at this term of court.

The meaning of the word "until" except when actually defined by the statute must depend upon the intention of those using it as manifested by the context and considered with reference to the subject to which it relates. State ex rel. Birdzell v. Jorgenson, 25 N. D. 540, 49 L.R.A.(N.S.) 67, 142 N. W. 450. Although the word "until" is ordinarily exclusive of the day to which it relates, such construction yields to the manifest intention of the parties of a contract. Kendall v. Kingsley, 120 Mass. 94. The construction that the parties themselves placed upon the contract may be resorted to to. determine their intention. Fergusson v. Talcott, 7 N. D. 193, 73 N. W. 207.

In the case of Bronson v. Chambers, 51 N. D. 737, 200 N. W. 908, this court cites §§ 5895–5921 inclusive, and § 5899, Comp. Laws 1913, and then continues "It (the contract) may be explained by reference to the circumstances under which it was made, and the matter to which it relates, and where a contract is ambiguous the subsequent acts of the parties showing the construction they put upon the agreement themselves may be looked to by the court, and in some cases may be controlling." Janssen v. Muller, 38 S. D. 611, 162 N. W. 393; Williston, Contr. § 623, and cases cited in 13 C. J. 542–548.

The complaint alleges that the lien covered payments falling due prior to June 1, 1923; that it was to cease to be a lien for payment falling due after June 1, 1923, and that it was so understood and construed by the parties themselves. This is also the reasonable construction, for it is hardly possible that the parties after entering into a contract, by which the defendant should pay for the plaintiff certain

sums of money, the payment of which was secured by lien, should at the same time agree that the lien should cease to exist before the indebtedness was paid.

That the plaintiff insisted on security for the payment of the encumbrances on the homestead is reasonable; that she agreed at the same time that the lien should expire before the encumbrance was paid is incredible. There is no merit in defendant's third contention. The decree and the lien created thereby was binding upon Fredrick H. Bailey, the defendant in the divorce action, and upon his estate. The defendant Laura Bailey is his personal representative, and has no greater rights over the property than Fredrick H. Bailey would have if he were living. Any individual rights that she may have to the property covered by the lien comes through Fredrick H. Bailey and are subject to the lien; besides the decree was entered as a final judgment in the office of the clerk of the district court and filed as a chattel lien in the office of register of deeds of said Cass County. The complaint states a cause of action against the defendant, and the order overruling the demurrer is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and NUESSLE, JJ., concur.