No. 41,814

Lewis Bremer, III, *Appellant,* v. Rose P. Bremer, *Appellee.*

(356 P. 2d 672)

Opinion filed November 12, 1960.

*Cyrus Leland* and *George A. Lowe,* both of Olathe, argued the cause, and *Wallace D. Berning,* of Olathe, was with them on the briefs for the appellant.

*Harold R. Riggs* and *H. Thomas Payne,* both of Olathe, argued the cause, and *Howard E. Payne* and *W. C. Jones,* both of Olathe, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: This is an appeal by a husband from a decree granting his wife a divorce upon the grounds of gross neglect of duty and extreme cruelty awarding the wife custody of a minor child subject to rights of visitation, and awarding alimony and child support.

The husband had filed the original petition in this case, and the wife filed an answer and cross-petition. The considerable abstract of the record and the counter abstract are filled with conflicting testimony of the parties and their witnesses. The husband's mo-

tion for new trial states eight grounds largely in statutory language, and there are sixteen specifications of error. The brief of the husband is divided into twelve headings, but we do not pause to determine whether he has abandoned any of his specifications of error.

An effort will be made to discuss the most important specifications of error without giving a full account of the bickering and charges made by the parties against each other. Such an account would do the parties no good, and would be of no aid to the future legal problems of the state.

The record shows that there had been another divorce case pending between the parties filed by the wife sometime in 1957; that in October of that year during an illness of the son of the parties, and just after the wife had brought the boy home from the hospital, the husband came to the house; that the husband and wife talked about a reconciliation, but their testimony concerning what was said and done does not coincide. At any rate, on the next day October 19, 1957, it is agreed the husband brought to the house an agreement which the wife admits signing, although she testified that she was so tired and worried from nursing the ill child that she did not read the agreement at that time, and her husband forbade her to consult her lawyers concerning the agreement. The agreement which was asserted by the husband as controlling the property of the parties reads as follows:

"AGREEMENT

"This agreement between Rose Proch Bremer, first party, and Lewis Bremer, 3rd, second party, whereas said parties are wife and husband and wish to define herein their rights as to the property now owned by either or both of them,

"Therefore, in consideration of the circumstances and in consideration of the mutual covenants herein contained, said parties do agree that second party shall have and own as his own separate property free and clear from any claim to be made by first party, now or at any time in the future, all of the property and money owned by second party prior to the marriage of these parties, as shown by the statement of assets filed in the Johnson County, Kansas District Court in the suit now pending between these parties, including the down payment made on the residence now owned by both parties in Leawood, that both parties, their children, and the two children of second party by his previous marriage shall have equal interests in all property acquired with income received by second party from his salary at Westinghouse or other place of employment during this marriage, and that first party will not at any time make any claim as to any part of the trust income of the Lewis Bremer Estate now being administered in Philadelphia, Pennsylvania, for consideration by any Court for property settlement or alimony.

"In consideration of the above mutual promises, both parties agree to dismiss the divorce proceedings now pending between them and agree to resume their marriage relationship forthwith.

"Dated at Leawood, Kansas, this 19th day of October, 1957.

"ROSE PROCH BREMER
"LEWIS BREMER, 3rd."

The wife's testimony as to what the husband promised before he produced this so-called agreement may be summarized by saying he promised to reduce or stop his drinking and be a good husband and father.

The parties do agree that the wife's suit for divorce was dismissed a few days after October 19, 1957.

In the present suit, the district court held that the above agreement should be set aside and held for naught. In view of the provisions of the agreement, it would seem extremely difficult for this court to find that the trial court was in error if the testimony of the wife is to be believed which was in the province of the trial court. What could be said to be the consideration obtained by the wife for the execution of the agreement? Possibly, it could be said that the husband promised to be a better husband and father. He had a duty in this regard without the agreement and certainly the wife did not obtain much to justify the giving up of valuable property rights. It might be added that the wife testified that the husband gave evidence almost immediately of having no intention of mending his ways after the agreement was signed. It must be plain that the matter of weight and credibility of evidence on appeal is to be determined by the trial court, if there is substantial evidence to support the trial court's findings. This is true in divorce cases as well as other cases. In *Gleason v. Gleason*, 159 Kan. 448, 155 P. 2d 465, which was a divorce case, this court said:

"Here the trial court heard the evidence and examined all the surrounding facts and circumstances. The remarks of the trial court amounted to a finding that plaintiff did not abandon her residence in Kansas when she went to Colorado. There was substantial evidence to sustain this finding.

"This conclusion requires the affirmance of this judgment."

To recapitulate, the allowance of alimony rested in the sound judicial discretion of the trial court (G. S. 1949, 60-1511) and it will not be disturbed on appeal absent a clear showing such discretion has been abused. (*Mathey v. Mathey*, 175 Kan. 446, 264 P. 2d 1058; *Willoughby v. Willoughby*, 178 Kan. 62, 283 P. 2d 428; *Long v. Long*, 183 Kan. 641, 331 P. 2d 306.) In making this decision, the trial court had the power to consider a prior agreement

made by the parties and to set such agreement aside if it found that the agreement was unfair, secured by fraud, or if it tended to promote divorce. (*Fincham v. Fincham,* 160 Kan. 683, 165 P. 2d 209.)

As indicated above there was ample evidence including the form of the agreement to support the trial court's conclusion that the agreement was invalid.

Actually, this case in its entirety is a fact case. There was ample evidence of new acts of cruelty and neglect of duty to revive the former acts which may have been condoned by the dismissal of the former divorce case (*Goetz v. Goetz,* 180 Kan. 569, 306 P. 2d 167). The husband has failed to show any material error in the admission or exclusion of evidence. The amount of the alimony judgment and order for child support would seem proper in view of the wealth and earning capacity of the husband. The power of the trial court in this matter has been set out above.

We have fully considered all other matters referred to by the parties in the record, but believe there is no reason to extend this opinion. The judgment and decree of the district court herein must be affirmed. An order relative to attorney's fees for appellee in this court will be made in due time.

It is hereby so ordered.