Winnifred G. KACK, Plaintiff, Respondent,
and Cross-Appellant,

v.

Walter T. KACK, Defendant, Appellant,
and Cross-Respondent.

Civ. No. 8495.

Supreme Court of North Dakota.

July 2, 1969.

Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for plaintiff, respondent, and cross-appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant, appellant, and cross-respondent.

STRUTZ, Justice.

The parties in the above action were divorced in February of 1960 by judgment of the district court of Morton County. At the time of the divorce, the defendant was possessed of considerable property and money. While the action was pending and before trial, the parties negotiated an agreement, the purpose of which was expressed in the agreement itself, in the following language:

"WHEREAS: The Parties hereto now desire to enter upon a firm, final and complete settlement of all of the property now owned by them or to be hereafter acquired and to arrange for the payment of Alimony and Support Money and to make other arrangements with respect to their respective interests, all of which is to be incorporated into any judgment which may be entered in said action and to become a part thereof; * * *"

Certain provisions were included in the agreement which disposed of various specific items of property, the conditions of which have been fully carried out, including the provision to the effect that the plaintiff renounced any claim, title, or interest in or to any other property except such as she was specifically given under the agreement and the provision for monthly payments denominated by the agreement as alimony and support money. Such payments were to be in the sum of $500 per month, to be paid on the 18th of each and every month after the agreement, "as long as they both shall be alive or until the remarriage of the First Party;" the plaintiff in this action being the first party in such agreement.

The settlement thus agreed upon was subsequently approved by the trial court and incorporated into the judgment entered in the action, the court expressly ordering that the plaintiff have and recover of the defendant the sum of $500 per month, as alimony and support money, from the date of entry of judgment and for so long

as both parties are alive or until the remarriage of the plaintiff.

The defendant paid the sum of $500 per month as agreed, with some persuasion in the nature of orders to show cause why he should not be held in contempt for his failure to make the payments, through December 1966. A hearing upon a motion by the defendant to modify the judgment was held on January 6, 1967. At that hearing, the trial court ruled that the provision for the payment of $500 per month to the plaintiff was not an order or judgment for the payment of permanent alimony but was only a part of the consideration for the property-settlement agreement entered into between the parties, which agreement was an indivisible contract. The court further found that such payment could not be enforced by contempt proceedings; that inasmuch as the provision for payment of $500 per month was a part of a contract between the parties, the court had no power to modify such provision. The court thereupon entered its order denying the defendant's motion to modify the provision as to payment of $500 per month. No appeal was taken from such order.

The defendant thereafter failed to make the payments required of him by the agreement and the divorce judgment, and on May 24, 1967, the court issued its order to show cause requiring the defendant to show cause why he should not be held in contempt for failure to make such payments as required by the agreement and the divorce decree. The trial court entered its order denying the defendant's motion to modify the judgment and reduce the amount of the payments to be made by the defendant to the plaintiff. The court also denied the plaintiff's motion for an order finding the defendant in contempt of court for failure to make such payments.

The defendant appeals from the order denying his motion to modify the judgment, while the plaintiff has cross-appealed from the order denying the plaintiff's motion for an order finding the defendant in contempt.

■ Whether the amount due under the decree in this case is subject to modification or whether it is permanently fixed and determined by the agreement between the parties depends upon whether such payment constitutes alimony ordered paid by the court or whether it is an amount due under an agreement or contract between the parties. The plaintiff contends that it is due on contract, and therefore, under the decision of this court in Sinkler v. Sinkler, 49 N.D. 1144, 194 N.W. 817 (1923), the amount of such payment, as an amount due on contract between the parties, cannot be modified.

■ The parties in this case did enter into an agreement in writing in which they agreed to a settlement of all of their property rights and arranged for the payment of alimony and support money. This agreement was not binding upon the trial court, and the court had the power and authority to alter such agreement if, in its opinion, the agreement did not make an equitable distribution of the property of the parties. Sec. 14–05–24, N.D. C.C. Thus the court could have made any distribution of the property of the parties which it felt was fair, just, and equitable, regardless of the agreement which had been entered into by them. Simpson v. Superior Court In and For Pima County, 87 Ariz. 350, 351 P.2d 179 (1960); Bremer v. Bremer, 187 Kan. 225, 356 P.2d 672 (1960).

■ Whether the decree may be modified or whether it is not subject to modification depends entirely upon whether the payments to be made' by the defendant are found to be alimony or are sums which the parties themselves have agreed upon and thus are based upon contract. If these payments are based entirely upon the agreement of the parties, they are not subject to modification.

The trial court, which ordered the amounts to be paid, clearly considered them as payment of alimony, for it specifically ordered that the sum of $500 be paid by

the defendant each month as alimony and support money. The mere fact that the sum so ordered to be paid was the same sum as the parties themselves had agreed upon is immaterial. The court was not bound by the agreement of the parties and could have ordered any amount paid which it thought was equitable under the facts submitted to it. The plaintiff, on several occasions, has attempted to enforce payment by contempt proceedings, which she could not do if the payments were based upon contract. The defendant also has moved to modify and reduce the payments, which he could not do if such payments were based upon contract.

The parties themselves have denominated the payments as alimony and support money. They stated that they intended to make a property settlement and " * * * to arrange for the payment of Alimony and Support Money * * * " Thus it was not only a contract for a property settlement; it was, in addition, an arrangement for the payment of alimony and support money.

■ The trial judge clearly intended that the payments which he was ordering were to be alimony and support money. He did more than approve and confirm the property settlement of the parties; he specifically ordered the defendant to pay $500 every month as alimony to the plaintiff. The obligation in the decree providing for alimony was an award by the trial court for the payment of alimony and, as such, these payments are subject to modification under the provisions of Section 14–05–24, North Dakota Century Code. See Davidson v. Superior Court of the County of Los Angeles, 226 Cal.App.2d 625, 38 Cal.Rptr. 274 (1964).

The plaintiff asserts that the defendant cannot be heard on his motion to modify the decree, inasmuch as the defendant admittedly is in default under the terms of the judgment. The plaintiff cites Bryant v. Bryant, 102 N.W.2d 800, 808 (N.D.1960), where this court said:

"The appellant comes into court admitting that he is in default in the payments of the alimony and support provided for in the decree. This court has held that a party to a divorce decree who has failed to comply with the terms of the decree affecting the custody and control of the minor children of the marriage may not invoke the favor of the court to procure amendment of the order affecting custody with which he himself refuses to comply. Olson v. Olson, 77 N.D. 444, 43 N.W.2d 689.

"Therefore, a party to a divorce decree who has failed to comply with the terms of the decree affecting payments of alimony and support for minor children may not invoke the favor of the court to procure modification of the decree affecting such payments with which he himself has failed to comply, in the absence of showing his inability to comply therewith."

The decisions in *Bryant* and *Olson, supra,* held that a party to a divorce proceeding who has failed to comply with the terms of the decree may not invoke the favor of the court to secure a modification *in the absence of a showing that he is unable to comply with the terms of the decree.*

■ The trial court, being of the opinion that it did not have the authority to modify the decree, since it found that the payments due the plaintiff were based upon contract, prevented the defendant from making a full showing attempting to justify his defaults. In view of our holding that these payments were alimony and not based upon contract, this was error. Therefore, the trial court's order denying the motion to modify must be reversed and the case remanded for further hearing.

■ Since we have determined that the amount which the court ordered to be paid to the plaintiff was alimony, and subject to modification on a proper showing, we find no merit in the defendant's contention that

such order is not enforceable by contempt proceedings.

■ While attorney fees are mentioned in the plaintiff's brief, the record contains no information upon which this court could determine whether or not the plaintiff should be awarded such fees. As we said in Zundel v. Zundel, 146 N.W.2d 903 (N.D. 1966), where the record is completely devoid of any information upon which this court could make a determination of the necessity for allowance of attorney fees, the allowance of such fees on appeal will be denied.

The order holding that contempt proceedings will not lie to enforce the judgment is reversed. The issue of whether the judgment should be modified must be determined by the trial court after further hearing, with costs to be determined by the trial court, under the provisions of our statutes, upon such hearings.

ERICKSTAD, PAULSON and KNUD-SON, JJ., concur.

TEIGEN, Chief Justice (concurring specially).

I concur. It appears to me the parties and the trial judge to whom the main action was tried have all treated the matter pertaining to alimony and support money as being ordered by the court and not as a private contract. Both of the parties in proceedings subsequent to the decree treat it as being made under the court's statutory power to provide support incident to the marriage relationship. The plaintiff on two occasions attempted to enforce the provision by contempt proceedings and the defendant sought a court reduction of the amount. The construction that the parties themselves place upon a contract may be resorted to in determining their intention. Bailey v. Bailey, 53 N.D. 887, 207 N.W. 987. However, we need not consider the post decree acts of the parties in this case to determine their intention.

The intent of the parties in making the agreement is set forth in the prefatory paragraph of the agreement. It states the "parties * * * desire to enter upon a firm, final, and complete settlement of all the property now owned by them, or to be hereafter acquired *and* to arrange for the payment of alimony and support money *and* to make other arrangements with respect to their respective interests, * * *" [Emphasis added.] The above is a compound sentence. The word "and" is a conjunction used to connect the separate clauses which relate back to the subject, "parties."

Paragraph one of the agreement specifically provides that the defendant shall pay to the plaintiff "alimony and support money" in the amount specified as long as both shall live or until the remarriage of the plaintiff.

The agreement, in separate paragraphs, provides that the plaintiff shall have custody of the minor child of the parties with visitation privileges allowed the defendant and that the defendant shall pay the entire cost of the child's education, including the full cost of maintenance during his minority.

Finally, the agreement provides that certain property described therein shall be set over to the plaintiff as her absolute and separate property and each party renounces any claim or interest in the property of the other, present or future. Thus the agreement incorporates three separate subjects.

The decree of divorce also treats these matters as being separate. In paragraph two, it "approved" the "property settlement." The provision of the decree as to the custody, education, and maintenance of the minor child of the parties and the provision for the payment of alimony and support money to the plaintiff appear in two separate paragraphs. These two paragraphs are, in form, orders of the court and make no reference to the property settlement agreement although the provisions of the orders are the same as that pro-

vided in the agreement. The court, in its findings of fact, found that by the "property settlement agreement" (the title given the instrument by the parties) "the parties hereto provided for the payment of alimony, support money, custody of their minor child and made other mutual dispositions of their property, * * *" and that "the same is a fair and reasonable agreement" and "provides adequately for the future interests and welfare of the said Plaintiff." The trial court which tried the divorce action obviously construed the "property settlement agreement" as grammatically separated, as being nonintegrated in character, and as not determining all marital rights but expressing an intent separately as to the property, the minor child, and the alimony and support money for the plaintiff. The trial court then accepted the property settlement agreement of the parties as a private contract which it "approved" as to the property settlement but construed it as being advisory as to the child and the alimony and support moneys for the plaintiff. It accepted the recommendation which it found was "fair and reasonable" and "provides adequately for the future interests and welfare of said plaintiff," and made its order accordingly.

Thus the provisions of the property settlement agreement relative to the custody of the child and alimony and support money for the plaintiff were merged in the decree and lost their contractual nature. The property settlement agreement was severable and, pursuant to the interpretation placed upon it by the trial court and the parties, took on a dual character. It is a private contract as to the property settlement. It is advisory insofar as it provides for the payment of alimony and support money to the plaintiff. The decree is final. The provision of the decree covering the alimony and support money for the plaintiff is an award of the court, which the court may modify and enforce in appropriate proceedings.