**Milt EBERHART, Plaintiff and Appellant,**

v.

**JoAnn I. EBERHART, Defendant and Appellee.**

Civ. No. 9852.

Supreme Court of North Dakota.

Jan. 8, 1981.

Frederick D. Kraemer, Fargo, for plaintiff and appellant.

Armond G. Erickson and Roger J. Minch, of Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

Milt Eberhart appeals from an order of the district court of Cass County affirming a referee's conclusions denying Milt's motion for modification of a judgment and decree of divorce. We reverse and remand.

Milt Eberhart was granted an absolute decree of divorce from JoAnn I. Eberhart on March 5, 1980. The divorce judgment provided in paragraph 7 that Milt should pay to JoAnn the sum of $600 per month "as and for permanent alimony" with payments to commence on March 1, 1980. The judgment contained additional provisions concerning the distribution of property which we will refer to later herein. In early April, Milt moved the district court for an order modifying the judgment and

decree of divorce by deleting therefrom a provision that Milt should continue insurance policies in which JoAnn was named as beneficiary and by modifying the paragraph relating to alimony to provide that Milt should pay JoAnn the sum of $200 per month, rather than $600 per month, as and for permanent alimony. The district court referred the matter to a referee pursuant to Rule 53, N.D.R.Civ.P. Following a hearing and the submission of briefs by the parties, the referee made proposed findings of fact and conclusions of law in which he concluded that the terms of the parties' settlement agreement in the divorce proceedings represented an integrated contract which could not be subsequently modified by the district court. Milt requested that the referee's findings of fact and conclusions of law be reviewed by the district court and, on July 31, 1980, the district court, after reviewing the referee's findings of fact and the briefs, papers, and documents contained in the file, determined that the findings of fact and conclusions of law of the referee were not clearly erroneous and affirmed those findings and conclusions. Milt has appealed to this court the order of the district court affirming the referee's findings and conclusions.

The issue before this court on appeal, as framed by Milt, is "Whether the District Court has the power to modify the terms of a divorce judgment and decree that deal with permanent alimony which have been incorporated into said judgment by the Court from the pre-divorce stipulation and agreement entered into between the parties."

The findings of fact prepared by the referee, and affirmed by the district court, indicate, in part:

"That a reading of the partial Transcript, contained in the Court file, shows that the settlement terms were read into the record, acknowledged by both parties, blessed by the Court, and incorporated into the Divorce Judgment; that the Trial Judge made no independent ruling or orders respecting any of the particulars of the parties' Agreement; the parties' Agreement related to a lump-sum payment, automobiles, monthly-payments, child-support payments, insurance policies, insurance coverage, personal property and real estate; that each of these things represented an element of the overall agreement; that the provisions calling for alimony and relating to life insurance premiums were so intertwined with the other provisions of the agreement that no single term can be severed or modified without affecting the other terms of the agreement relating to the division of the parties' property; that a further review of the partial Transcript produces no indication that the parties intended to separate any term from any other term of their agreement, and, in fact, said alimony is secured by a substantial portion of the marital property; that both parties were present and were represented by competent Counsel; that there was ample opportunity for either party to make clear that alimony or insurance premiums, or for that matter, any other item of the agreement of the parties was to be treated as an item distinct from the agreement as a whole; that clearly no such attempt was made."

On the basis of this finding the referee concluded:

"That the rule set forth in *Sinkler v. Sinkler* [49 N.D. 1144] 194 N.W. 817, and *Kack v. Kack*, 169 N.W.2d 111[,] states that if payments to be made pursuant to Divorce Decree are based entirely on parties' agreement, they are not subject to modification; that payments based exclusively upon contract are not enforceable in contempt proceedings."

In *Sinkler* this court held that the divorce decree in that instance "was in fact, and was intended by the court and understood by the parties to be, a final adjustment of their property rights to the same extent as if a gross sum or money judgment had been awarded, or a general distribution of the estate had been made, and that the court is now without power to amend the decree and to wipe out the monthly payment stipulated to the wife and substitute a gross sum therefor." 49 N.D. 1144, 194 N.W. at 821.

In *Kack v. Kack*, 169 N.W.2d 111 (N.D. 1969), this court held that whether or not an amount to be paid under a divorce decree is subject to modification under the provisions of Section 14–05–24, N.D.C.C., depends upon whether such payment constitutes alimony or is an amount due under the property-settlement agreement of the parties. The court indicated that if the payments were based entirely upon the agreement of the parties, they are not subject to modification.

Although the order of the district court in dividing the property and awarding alimony was the same as the contractual agreement of the parties, the *Kack* court determined that the trial judge clearly intended that the payments which he was ordering were to be alimony and support payments:

"He did more than approve and confirm the property settlement of the parties; he specifically ordered the defendant to pay $500 every month as alimony to the plaintiff. The obligation in the decree providing for alimony was an award by the trial court for the payment of alimony and, as such, these payments are subject to modification under the provisions of Section 14–05–24, North Dakota Century Code." 169 N.W.2d at 114.

Milt argues that because of the provisions of Section 14–05–24, N.D.C.C.,[1] and more recent decisions of this court, the rationale of *Sinkler* and *Kack* is no longer applicable. Milt points to the decisions of this court in *Bingert v. Bingert*, 247 N.W.2d 464 (N.D. 1976), in which the court decided that the authority to modify alimony decrees is found in Section 14–05–24, N.D.C.C.[2] That decision did not, however, specifically discuss the provision for payment of alimony

as part of the property-settlement agreement except to note that where judgments are based upon such an agreement the court is more reluctant to order a revision and modification of a decree than where such decree is based upon the finding of the court as to ability to pay. In support of that statement the court cited *Bryant v. Bryant*, 102 N.W.2d 800 (N.D.1960).

In *Bryant* the court discussed the holdings in various jurisdictions, stating:

"While some courts have held that payments based on agreement between the parties are not subject to modification by the court after lapse of a period of time, in the absence of mistake or fraud ... we believe that the better rule would be that the courts have power to revise and modify a decree founded on an agreement, on a proper showing of changed conditions. The courts which hold against modification of a decree based on stipulation of the parties do so on the ground that the arrangement is contractual instead of a judicial determination, and that a decree based on an agreement between the parties is no more subject to modification or change by the court than the terms of any other private agreement would be. While we believe the better rule to be that courts do have the power to modify a decree, even though it is founded on an agreement, such power should be exercised only on a proper showing of changed circumstances. The court should be more reluctant to order a revision and modification of a decree where such decree was based on agreement than where such decree is based on the finding of the court as to ability to pay."[3] 102 N.W.2d at 807.

---

1. Section 14–05–24, N.D.C.C., provides:

   "When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respec-

   tively. The court from time to time may modify its orders in these respects."

2. As the decision in *Kack* recognizes, there can be no doubt that Section 14–05–24, N.D.C.C., authorizes the court to modify court-ordered alimony payments in those instances in which a change in circumstances justifies such a modification.

3. Although setting forth what the court believed to be the better rule, the court did not modify the decree in *Bryant*—determining that

Thus in *Bryant* the court appeared to adopt the rule that a decree based upon a property-settlement agreement between the parties is subject to modification by the court upon a showing of changed circumstances or conditions. However, in *Nugent v. Nugent*, 152 N.W.2d 323 (N.D.1967), this court again considered a situation in which the divorce decree included the provisions of the property-settlement agreement of the parties. In *Nugent* the wife cited *Sinkler* for the proposition that where the provisions for alimony are so intertwined with the provisions for a division of the property in the agreement entered into between the parties, which agreement was included in the judgment by the court, they intended the whole agreement as a final adjustment of their property rights and the court is without power to amend the judgment to eliminate or modify the monthly alimony payments. Without reference to the decision in *Bryant*, the court in *Nugent* distinguished *Sinkler* on its facts, noting that in *Sinkler* the wife received little or no property under the decree, except for the monthly alimony payments, whereas in *Nugent* the wife received considerable property in addition to the monthly alimony payments, stating:

"In this case, although the parties denominated their agreement a 'property settlement agreement,' and although they stated specifically in paragraph 1 thereof that it was understood 'that this instrument is intended to settle the property rights of the parties hereto in all respects,' we do not believe that such a denomination of the agreement or such a statement of the intent of the parties or the fact that the court included its provisions in the judgment, makes the provisions in paragraph 5 of the judgment, relating to the payment of alimony or support money to the wife of one-third of the gross monthly income of the husband from his professional earnings as a medical doctor, so inseparable from the provisions of the judgment relating to the division of property that the trial court could not thereafter modify or eliminate the alimony provisions of the judgment under the power given the court by sec. 14–05–24, N.D.C.C.

.       .       .       .       .

"Concluding that under the facts of this case the provisions of the judgment relating to the payment of alimony or support payments to the wife are severable from the provisions of the judgment relating to the division of property, we hold that the trial court and hence this court on appeal in a trial de novo have the power to modify the judgment as it related to the alimony or support payments to the wife." [4] 152 N.W.2d at 331–332.

Thus, despite the dicta in *Bryant*, which appears to indicate that a court always has authority to modify a decree, even when based upon a property-settlement agreement of the parties, it might be argued that *Nugent* indicates that where the provisions of the judgment relating to the payment of alimony are inseparable from the provisions of the judgment relating to the division of property, the trial court may not thereafter modify or eliminate the alimony provisions of the judgment under the power given the courts by Section 14–05–24, N.D.C.C. The intent of the court in *Nugent* is, however, further clarified in *Bosch v. Bosch*, 197 N.W.2d 673 (N.D.1972), in which Chief Jus-

---

no showing of changed circumstances or conditions had been made and also noting that the appellant was in default in payments of alimony and support and therefore could not invoke the favor of the court to procure amendment of an order with which he himself refused to comply. Although we are told in this case that the changed circumstances justifying a reduction in payments arise as a result of a reduced salary to Milt, that issue was not reached by the referee or the trial court because of their conclusion that the decree could not be modi-

fied under any circumstances. Therefore, the issue of whether or not changed circumstances exist which would justify a modification of the payments Milt is required to make is not before us.

4. At the time *Nugent* was decided, appeals to this court were tried de novo. Appeals currently are governed by Rule 52(a), N.D.R.Civ.P. See, e. g., *Schuchard v. Schuchard*, 293 N.W.2d 428 (N.D.1980).

tice Erickstad, who also wrote for the court in *Nugent,* considered a divorce judgment based upon a stipulation of the parties and stated:

"We believe that analysis here of the other cases cited by the parties would be of little help to us in determining this case. It is sufficient to note that *Kack* discloses a trend indicated in *Nugent* to permit modifications of divorce decrees upon proper showing, notwithstanding that the stipulations and judgments based thereon disposed of the property unequally, provided the party seeking the modification is not in contempt." 197 N.W.2d at 677.

*Kack* appears to adopt a rule that whether or not an amount to be paid by the defendant to the plaintiff under a divorce decree is subject to modification under Section 14–05–24, N.D.C.C., depends upon whether or not such payment constitutes alimony or is an amount due under the property-settlement agreement of the parties, thus requiring the court to examine not only the settlement agreement but the order of the court as well. However, *Kack* also held that where the court approves a property-settlement agreement but expressly orders the defendant to pay to the plaintiff as alimony and support a sum of money per month, the amount ordered to be paid is alimony and is not an amount due under the agreement of the parties.

After examining our prior decisions, we agree with JoAnn that this court has not heretofore finally concluded that the trial court has authority to alter alimony payments, where justified by a change of circumstances, regardless of whether the payments are considered true alimony or payments as a part of an equitable distribution of property agreed to by the parties.[5] Nor do we find it necessary to so finally conclude in this instance. An examination of

the findings of the trial court entered at the time of divorce on February 29, 1980, reveals the statement that the parties have agreed to settlement. Finding of fact No. V, insofar as pertinent, provides:

"That following the commencement of the trial of this action the plaintiff and defendant verbally entered into a Property Settlement Agreement which was put on the record before the court on the 4th day of February, 1980, by which all matters relating to *alimony,* child support *and division of both real and personal property* has been settled; that the provisions of said agreement are fair and reasonable under the facts and circumstances, and are approved and adopted by the court; that the provisions of said agreement are as follows:

"1. . . .

"2. . . .

"3. . . .

"4. The defendant shall quit claim to the plaintiff any and all interest she may have in the home at 3602 Evergreen Road, City of Fargo, County of Cass, State of North Dakota, and in the Minnesota property . . . The plaintiff shall also be able to remain as sole owner of any interest that he may have in Woodcraft, Inc. and ITS, Inc.

"5. In consideration of the defendant quit claiming her interest in the home at 3602 Evergreen Road in Fargo and the Minnesota property as well as disavowing any interest in ITS and Woodcraft, the plaintiff shall pay to the defendant the sum of Twenty Thousand Dollars ($20,-000.00) *as and for property settlement.* The sum of Twenty Thousand Dollars ($20,000.00) shall be paid to the defendant by the plaintiff at the time of the closing of the sale on 3602 Evergreen Road but not later than August 4, 1980.

"6. . . .

5. In *Matter of Estate of Gustafson,* 287 N.W.2d 700 (N.D.1980), this court relied upon the rules of contract to interpret a property-settlement agreement entered into by the parties and incorporated into a divorce decree. That case involved no motion for modification of a judgment but rather an interpretation of the agree-

ment as contained in the judgment. Decisions such as *Rummel v. Rummel,* 234 N.W.2d 848 (N.D.1975), and *Lawrence v. Lawrence,* 217 N.W.2d 792 (N.D.1974), may also be distinguished on the facts and issues involved therein.

"7. The plaintiff shall pay to the defendant the sum of Six Hundred Dollars ($600.00) per month as and for permanent alimony. Such payments to commence on March 1, 1980.

"8. The plaintiff shall continue the named insurance policies with the defendant named as beneficiary therein: . . .

"9. The alimony payment[s] mentioned above are to be secured by the property at 3602 Evergreen Road, City of Fargo, County of Cass, the above described Minnesota lake property and the plaintiff's interests in ITS, Inc. and Woodcraft, Inc.

"10. The defendant shall be awarded title to the 1972 Chevrolet and 1976 Honda vehicles. The plaintiff shall make immediate arrangements to see that such title is properly transferred.

"11. The plaintiff shall continue in force and effect the group hospital and dental plan which he presently has in effect through his employer at Adams, Inc. in Fargo, North Dakota. Dependent coverage under these policies shall continue in force and effect pursuant to the guidelines as contained in those policies. The plaintiff shall make available to the defendant copies of his group hospital and dental plans.

"12. The plaintiff shall make whatever arrangements are necessary to transfer title in the two cemetery plots at Sunset Memorial Gardens to the defendant.

"13. The plaintiff shall be entitled to all household furnishings and other personal property which he presently has in his possession at 3245 17th Avenue South, Fargo, North Dakota.

"14. The defendant shall be entitled to all household furnishings and other personal property which she presently has in her possession at 3602 Evergreen Road, Fargo, with the exception of an antique table and certain family pictures. The plaintiff shall also be entitled to a selection of tools from the residence at 3602 Evergreen Road but shall ensure that the defendant is left with those tools neces-

sary for minor maintenance. The defendant shall be entitled to the Bethany Camper which is presently located on a lot adjoining Adams, Inc. in the City of Fargo." [Emphasis supplied.]

From this finding the court made the following pertinent conclusion of law, at No. III:

"That the decree should incorporate the terms and conditions of the Settlement Agreement which was verbally entered on the record before the court on February 4, 1980, as follows:

.     .     .     .     .

The court then proceeded to set forth verbatim the agreement which, in the findings of fact, it found the parties entered into. The judgment, entered March 5, 1980, repeats in the same exact words the provisions of the agreement as set forth in the findings of fact and conclusions of law.

■ We are not convinced from a reading of the agreement that it provides that the monthly alimony payments are in lieu of a distribution of property. The agreement, on its face, contradicts that conclusion because it indicates that the payment of $20,000 is the property settlement. Whether or not the $20,000 is an equitable distribution of the property is not revealed in the record because the trial court made no specific findings as to the value of the property owned by the Eberharts. The $600 monthly alimony payments appear to be in the nature of true alimony payments rather than a part of the equitable distribution of the property. Furthermore, a reading of the transcript at trial of the divorce action, in which the oral agreement was revealed to the trial court, indicates the following exchange:

"MR. ERICKSON: And we should understand, of course, too that the alimony will start at the time she leaves the house.

"THE COURT: Alimony is to begin at the point that she leaves, okay.

"MR. SCHNEIDER: That's correct understanding, Your Honor.

"MR. ERICKSON: And there has been, if the Court is not aware of it, I suppose in lieu of support in the interim Mr. Eberhart has been paying the utilities and the mortgage payment on the house and he would continue to do that until she moves out, of course; and at that time alimony will be substituted in the amount of $600 for those payments.

"THE COURT: Very good.

"MR. SCHNEIDER: That again is a correct understanding, Your Honor."

As in *Kack, supra,* it thus appears that the parties themselves contemplated that the $600 monthly payments were to be support, as contemplated by Section 14–05–24, N.D.C.C., rather than payments in lieu of an equitable distribution of the property. We conclude that such payments are subject to modification by the trial court if Milt is able to show a change in circumstances or conditions which justifies such a modification.

■ In reaching our conclusion we are not unmindful of the fact that a party in a divorce action may be led to accept less than an equitable distribution of property on the basis that a specified monthly payment has been agreed to. Because the distribution of property ordinarily is not subject to modification due to a change in circumstances, such a party may find that the monthly payments upon which he relied in agreeing to the distribution are being reduced or increased, whereas the distribution of property no longer is subject to modification. That party may legitimately argue that he would not have agreed to the property distribution if it were not for the agreed-to level of monthly payments. In this instance that situation may be highlighted by the fact that the property-settlement agreement was entered into on February 4, 1980, the findings of fact, conclusions of law, and order for judgment were entered on February 29, 1980, judgment was entered on March 5, 1980, and the motion for modification of the judgment was filed on April 9, 1980. Within a little more than a month from the time of entry of judgment Milt moved to reduce the alimony payments upon which JoAnn apparently relied in entering into the property-settlement agreement adopted by the trial court. Notwithstanding this situation we believe parties such as JoAnn are protected from being misled into entering into property-settlement agreements containing provisions for the payment of alimony. First, the payments may be modified only upon a showing of a change of circumstances and conditions which would justify such a modification.[6] Second, as the court noted in *Bingert, supra,* quoting *Bryant, supra,*

"The court should be more reluctant to order a revision and modification of a decree where such a decree was based on agreement than where such decree is based on the finding of the court as to ability to pay." 102 N.W.2d at 807.

The order of the district court is reversed and this case is remanded for proceedings consistent with this opinion.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

SAND, Justice (concurring specially).

Even though I concur in the opinion authored by Justice VandeWalle, I deem it appropriate to further comment on a reoccurring problem involving property distribution in divorce proceedings.

The trial court, in my opinion, should require the parties to list all of the property to be divided on one list, together with the value of the property. If the parties cannot agree as to the property involved or the value of the property, each party should be required to supplement the basic list with a separate list setting out only the property on which an agreement cannot be reached either as to value or any other reason. By doing this the court will have a better opportunity to devote its efforts to those areas where the parties are in dispute.

---

**6.** As we have previously noted, there is no evidence before this court of a change in circumstances and conditions because the referee and the trial court were of the opinion that even if such a change existed the decree could not be modified. Therefore, evidence as to a change in circumstances has not been presented at the trial court level.

On a subject closer to the instant case, the trial court should require the parties to present to the court a written agreement on the disposition and distribution of the property where the parties agree to a property settlement. The court would merely approve the agreement and incorporate it in the decree or order or judgment. By following this procedure it would eliminate the disputes that frequently arise later, particularly as to the argument that a change of circumstances has occurred which requires a change in the property distribution, support decree, etc. The court would then only be concerned with child support payments, if any, or support payments to the spouse which would be subject to change because of a change in circumstances.

I also ask the question, hasn't the time come for the Legislature to do away with the term "alimony" and simply treat such payments as support or maintenance payments, or, if they are part of the property settlement, to treat them as such.

Whenever the parties agree to a property settlement, it should be included in the written agreement mentioned earlier herein. If the court approves the parties' agreement it becomes part of the court's decision and is considered a contract between the parties; unless the court in requiring other conditions to be met substantially alters the basic agreement. In suggesting that the term "alimony" be eliminated, I am not in any manner suggesting that either spouse be denied any support or maintenance payments or a proper distribution of property.

PEDERSON and PAULSON, JJ., concur.