Ahmad **DIZAYEE**, Plaintiff and Appellee,

v.

Diane **DIZAYEE**, Defendant and Appellant.

Civ. No. 870091CA.

Court of Appeals of North Dakota.

Nov. 6, 1987.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiff and appellee; argued by Joseph J. Cichy, Bismarck.

Mark D. Mehlhoff, Legal Assistance of North Dakota, Bismarck, for defendant and appellant.

PER CURIAM.

Diane Dizayee appeals from a district court divorce judgment awarding custody

of the parties three-year old son, Shwaun, to Ahmad and dividing the parties' marital assets. We affirm.

The trial court awarded custody of Shwaun to Ahmad and provided for liberal visitation between Diane and Shwaun with a minimum of a one-week visitation every other month. On appeal Diane asserts that the trial court's custody award was clearly erroneous. She contends that the trial court disregarded relevant factors under Section 14–09–06.2, N.D.C.C., which weighed in favor of placing Shwaun in Diane's custody and that the trial court disregarded evidence reflecting negatively upon Ahmad. More specifically, Diane asserts that the following two findings of fact by the district court are clearly erroneous:

"IV.

"The plaintiff [Ahmad] is able-bodied, has regular employment, and has demonstrated a stable home and readiness to care for the child emotionally and physically.

"V.

"That the defendant [Diane] is not stable and has an attitude of foreclosing contact between the son and father."

It is well established that a trial court's determinations on matters of child custody are treated as findings of fact that will not be set aside on appeal unless they are clearly erroneous. *Bashus v. Bashus,* 393 N.W.2d 748 (N.D.1986). The trial court is vested with a great amount of discretion in matters of custody. *Gorsuch v. Gorsuch,* 392 N.W.2d 392 (N.D.1986). An appellate court's scope of review is properly limited by the clearly erroneous rule because the trial judge, having had an opportunity to listen and observe the demeanor of witnesses, is in a much better position to ascertain the true facts than the appellate court which must rely on a cold record. *Lapp v. Lapp,* 293 N.W.2d 121 (N.D.1980).

■ Having reviewed the record in this case we conclude that there is evidence to support the trial court's findings with regard to custody. Although the trial court did not expressly state in its findings that

its custody determination was in the best interest of the child, one can infer from findings IV. and V., as well as the trial court's oral admonition from the bench to Ahmad and Diane, that the court was focusing upon the question of what was in the best interest of Shwaun.

■ Diane invites this court to adopt a rule giving a presumption that it is in the child's best interest to award custody to the child's primary caretaker. We decline to do so. Such a presumption has been rejected by the North Dakota Supreme Court in *Gravning v. Gravning,* 389 N.W. 2d 621 (N.D.1986). Although being a child's primary caretaker is a relevant factor for determining custody, we are not convinced under the circumstances of this case that Diane's status as Shwaun's primary caretaker requires a custody placement contrary to that made by the trial court.

We are not convinced that a mistake has been made, and, accordingly, we conclude that the trial court's custody determination is not clearly erroneous.

■ Diane also asserts on appeal that the trial court's division of marital assets was clearly erroneous. The parties had accumulated relatively little property during their marriage. The trial court awarded each party the property that was in his or her possession at the time of trial. Diane received a 1986 automobile. Ahmad received a trailer home, a 1983 Ford pickup, and a 1970 boat and motor, all of which were substantially encumbered as security for a consolidated loan in the amount of $7,000. We are not convinced that a mistake has been made, and accordingly we conclude that the trial court's division of marital assets was not clearly erroneous.

The district court judgment is affirmed.

VERNON R. PEDERSON, Chief Surrogate Judge, and EUGENE A. BURDICK and DOUGLAS B. HEEN, Surrogate Judges.