**Larry GORSUCH, Plaintiff and Appellant,**

**v.**

**Blanche GORSUCH, Defendant and Appellee.**

**Civ. No. 11102.**

Supreme Court of North Dakota.

Aug. 20, 1986.

Howe & Seaworth, Grand Forks, for plaintiff and appellant; argued by Henry H. Howe.

Legal Aid Ass'n, UND School of Law, Grand Forks, for defendant and appellee; argued by Ron Stauske, Senior Law Student, under the direction of Larry R. Spain.

GIERKE, Justice.

Larry Gorsuch appeals from a judgment of divorce entered in the District Court of Grand Forks County on September 12, 1985. We affirm.

Blanche (Gorsuch) Yokum and Larry Gorsuch were married in August 1971. In March 1984, Blanche and Larry separated. They have three children who, at the time of trial, were ages thirteen, eleven and seven.

Larry has served as an enlisted person in the United States Air Force for over 15 years, and as of July 1985 had attained the rank E-7. He is stationed at Grand Forks Air Force Base and resides nearby in Emerado.

In March 1984, Blanche moved into an apartment in East Grand Forks, Minnesota. She is employed as a housekeeper at a local motel and has plans to complete her education.

Pursuant to an interim order of the court, Blanche and Larry shared joint legal and physical custody of the three children during their separation. Blanche had physical custody from 7:30 p.m. Sunday until 5:00 p.m. Friday. Larry had physical custody the remainder of the week. They traded-off the holidays and generally accommodated each other's schedules.

By the judgment of divorce, the trial court awarded Blanche custody of the three children. Larry was granted the right to have reasonable visitation. The trial court suggested that reasonable visitation include every other weekend, alternate legal holidays, alternate birthdays each year and four consecutive summer weeks.

Larry appeals from those portions of the judgment awarding Blanche custody of the children, and a share of Larry's unvested nondisability military retirement pay. He also requests review of the failure of the trial judge to direct which party shall receive the tax exemptions for the three children.

■ Larry asserts by this appeal that the trial court's award of custody to Blanche was clearly erroneous. The trial court is vested with a great amount of discretion in matters of custody and in the determination of what is in the best interest of a child. A decision of the trial court on these matters will be interfered with only when its findings are clearly erroneous. Rule 52(a), North Dakota Rules of Civil Procedure.

Both Blanche and Larry have separately attempted to provide good homes for the three children. The trial court, as evidenced by the record, did not conclude that Larry was not a good parent. Rather, the court found that the award of custody to Blanche was in the best interests of the children.

Larry apparently believes the award of custody was clearly erroneous primarily because the trial court denied his motions to allow the Gorsuch children to testify regarding their custodial preference. While the children may have been of an age to competently testify, thereby assisting the trial court in the resolution of this sensitive issue, the trial court's unique position to weigh Larry's motions in light of the many circumstances must also be considered.

■ There is no offer of proof in the record pursuant to Rule 103(a)(2), North Dakota Rules of Evidence. Larry correctly points out that on three separate occasions he made a motion requesting the children be available to testify as to their custodial preference. The substance of the motions contained in the record is that the children were of an age to have input into the proceedings and that § 14-09-06.2, North Dakota Century Code, recites the children's custodial preference as a relevant factor for the trial court's consideration when awarding custody.

The unofficial commentary following Rule 103(a)(2) clearly directs the parties to create a record which will permit informed appellate review. Rule 103(a)(2), N.D.R. Ev., explanatory note. See generally, *Signal Drilling Co. v. Liberty Petroleum Co.*, 226 N.W.2d 148 (N.D.1975). Larry made no offer of proof as to the substance of the evidence he moved to introduce. This Court is unable to review the issue in the absence of such an offer of proof. *Cargill, Inc. v. Kavanaugh*, 228 N.W.2d 133 (N.D. 1975).

█ In the absence of evidence in the record that the testimonial issue should have been determined differently, which we assume would be the subject of an offer of proof, we cannot conclude that the trial court abused its discretion. Correspondingly, we conclude that the award of custody to Blanche was not clearly erroneous.

The second issue on appeal is whether or not the trial court's award of a portion of Larry's military retirement pay to Blanche as marital property was clearly erroneous. The trial court properly made this award based on the formula as set forth in *Bullock*.[1] *Bullock v. Bullock*, 354 N.W.2d 904 (N.D.1984).

In *Bullock*, we addressed the issue of the divisibility of military retirement pay upon marital dissolution and concluded that it is a marital asset subject to property distribution.[2] Larry does not argue that military retirement pay is not subject to property distribution. Rather, he argues that Blanche is not entitled to such an award due to her "conduct" during the marriage.

Larry asserts that Blanche did not significantly contribute to his advancement within the military. He correctly points out that in *Bullock*, Patricia Bullock was found to have helped her husband, Gerald, further his career as an officer in the military. Patricia contributed extensively to the marriage as primary caretaker of the children, manager of the household and a source of economic support with various jobs outside the home.

The trial court found that Blanche was, as was Patricia Bullock, the primary caretaker of the children and the manager of the household. Further, the record indicates Blanche worked outside the home at various times during the marriage to provide added income.

The trial court did find "that Blanche was not very active in assisting Larry's promotions within the military." Larry stresses this finding as a distinguishing factor between Patricia Bullock and Blanche. However, as Larry indicated in his brief, promotions for enlisted personnel are earned by individual testing and not so much by the subjective considerations which are relevant to the advancement of an officer as in *Bullock*.

█ Blanche's role as a homemaker does constitute a valuable contribution towards Larry's career advancement. He served one year in Korea during which time she cared for the children. She managed the household through the frequent change-of-station moves and separations which are a part of the military lifestyle. She provided the stability and continuity at home for 12 years which allowed Larry to pursue his career. We reiterate that the contributions of a homemaker, too numerous to list, are significant in the development of a spouse's career and consequently toward the acquisition of marital property.

The final issue on appeal is whether or not the failure of the trial court to address the issue of the entitlement to the income

1. The *Bullock* formula for the division of unvested military pay is one-half of the retirement pay multiplied by a fraction which is the number of years of marriage over the number of years of military service.

2. We noted in *Bullock* that the effect of the "Uniform Services Former Spouses Protection Act" was to reverse the United States Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *McCarty* concluded that federal law precludes a state court from dividing military nondisability retirement pay pursuant to state community property laws. The effect of the Act is to leave to the states the final decision as to the divisibility of military nondisability retirement pay. *Bullock, supra.*

tax exemptions for the Gorsuch children was clearly erroneous. Subsequent to the issuance of the memorandum decision by the trial court, Larry requested by letter that the judge address the issue of the income tax exemptions. Blanche, also by letter, refused to release her claim to the exemptions which arises, as both parties agreed, automatically as custodial parent.

We are not cited to any authority which mandates that the trial judge make this determination, although in many situations it may be desirable for a trial court to consider tax consequences, including directions to the parties about allocation of exemptions in connection with the child support provisions. In the absence of compelling authority, we rely on the trial judge's conclusion by memorandum decision stating, "The issue of income tax exemptions was not addressed and will be left to the IRS and the parties."

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.