**PRODUCTION CREDIT ASSOCIATION OF MINOT, North Dakota, Plaintiff and Appellee,**

v.

**Robert DOBROVOLNY and Virginia Dobrovolny, Defendants and Appellants.**

**Civ. No. 870142.**

Supreme Court of North Dakota.

Nov. 19, 1987.

Olson, Sturdevant & Burns, Minot, for plaintiff and appellee; argued by Richard P. Olson. Appearance by Douglas Leif Mattson.

Bickle, Coles & Snyder, Bismarck, for defendants and appellants; argued by James J. Coles.

ERICKSTAD, Chief Justice.

Robert and Virginia Dobrovolny appeal from a district court order denying their motion for relief from a default judgment of foreclosure on a real estate mortgage held by Production Credit Association of Minot (PCA). We affirm.

On April 27, 1983, PCA loaned the Dobrovolnys $60,000. As security for that loan the Dobrovolnys executed a mortgage covering a 920 acre and a 360 acre tract of land. PCA received a first mortgage against the 360 acre tract and a second mortgage against the 920 acre tract. The Federal Land Bank of St. Paul (FLB) held the first mortgage against the 920 acre tract as security for an $83,000 loan made on August 4, 1977, and in May 1984, it initiated a foreclosure action against the Dobrovolnys on that mortgage. FLB obtained a default judgment against the Dobrovolnys in that action on August 9, 1984. On September 26, 1984, FLB purchased the 920 acre tract at a sheriff's sale for $77,-754.63. On September 25, 1985, two days before the redemption period for the 920 acre tract expired, FLB assigned its sheriff's certificate for the 920 acre tract to

PCA, and on September 30, 1985, a sheriff's deed was issued to PCA.

On August 9, 1985, PCA initiated this action to foreclose its mortgage on both the 920 acre and the 360 acre tract of land. The Dobrovolnys did not answer the complaint, and on September 27, 1985, PCA obtained a default judgment of foreclosure on the 360 acre tract of land. That judgment was not appealed, and on December 19, 1985, PCA purchased the 360 acre tract at a sheriff's sale for $69,694.14.

On December 17, 1986, the Dobrovolnys filed a motion for relief from the judgment pursuant to N.D.R.Civ.P. 60(b),[1] requesting that the September 27, 1985 judgment be modified or vacated on the grounds that it was "void for the reason that it ... [was] unlawful and contrary to the laws of the State of North Dakota and that reason will be shown which will justify relief from the operation" of the judgment. In support of their motion, the Dobrovolnys raised the following issues:

"(1) Does North Dakota law allow a party that is a statutory redemptioner to buy a sheriff's certificate from the purchaser at a foreclosure sale; and (2) if such a purchase is not allowed, what is the result of the plaintiff's failure to redeem by statute as to their claim in this action and the lien on the 360–acre tract?"

1. N.D.R.Civ.P. 60(b), provides:

*"(b) Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud— Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment. The motion must be made within a reasonable time, and for reasons (i), (ii), and (iii) not more than one

year after notice that the judgment or order was entered in the action or proceeding if the opposing party appeared, but not more than one year after a judgment by default has been entered. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from any appellate court except while an appeal from the judgment is actually pending before that court. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Rule 4(e)(7), or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment must be by motion as prescribed in these rules or by an independent action."

The district court denied the Dobrovolnys' motion and further determined that PCA was authorized to purchase the sheriff's certificate for the 920 acre tract from FLB and still foreclose its mortgage on the 360 acre tract, citing *Bank of Steele v. Lang*, 399 N.W.2d 293 (N.D.1987) [*Lang I* ].

On appeal the Dobrovolnys have raised the following issues:

"1. DID THE PLAINTIFF IMPROPERLY AND CONTRARY TO LAW OBTAIN A JUDGMENT IN EXCESS OF THAT TO WHICH IT WAS ENTITLED BY FAILING TO PROPERLY REDEEM OTHER PROPERTY; AND DID THE PLAINTIFF THEN UTILIZE THAT JUDGMENT AMOUNT TO THE DETRIMENT OF THE DEFENDANTS?

"2. DID THE PLAINTIFF IMPROPERLY AND CONTRARY TO LAW OBTAIN A JUDGMENT IN EXCESS OF THAT TO WHICH IT WAS ENTITLED BY IMPROPERLY OBTAINING WHAT AMOUNTED TO A DEFICIENCY JUDGMENT ON THE FORECLOSURE OF OTHER PROPERTY CONTRARY TO NORTH DAKOTA LAW; AND DID THE PLAINTIFF THEN UTILIZE THAT JUDGMENT AMOUNT TO THE DETRIMENT OF THE DEFENDANTS?"

However, the threshold issue for our consideration is the interrelationship of those issues with the district court's denial of the Dobrovolnys' Rule 60(b) motion.

In *First National Bank of Crosby v. Bjorgen*, 389 N.W.2d 789 (N.D.1986), the movant contended that a partial summary judgment should have been set aside as void pursuant to N.D.R.Civ.P. 60(b)(iv). We said that a motion under subdivision (iv) asserting that a judgment is void, unlike a motion under the other five subdivisions of Rule 60(b), is not left to the court's discretion and, if the judgment is valid, the subdivision (iv) motion must be denied, but if the judgment is void the court has no discretion to protect it. In *Bjorgen, supra*, we recognized that a judgment may be void if the court lacks subject matter jurisdiction over the action or personal jurisdiction over the parties. In *Bjorgen, supra*, no issue was raised about jurisdiction over the parties, and we concluded that the district

court had subject matter jurisdiction over the action and did not err in failing to vacate the partial summary judgment under N.D.R.Civ.P. 60(b)(iv). We said that subject matter jurisdiction of a district court is not determined by whether or not it correctly applied a statute to a particular cause of action because, to hold otherwise, would vest subject matter jurisdiction in a district court subject to divestment upon an erroneous ruling.

The Dobrovolnys have not raised an issue about subject matter jurisdiction or personal jurisdiction. Their argument relates to whether or not the district court correctly applied North Dakota's redemption statutes in rendering its judgment. We therefore conclude that the district court judgment was not void and our analysis turns to the remaining grounds for setting aside the judgment pursuant to N.D.R. Civ.P. 60(b).

In *Bjorgen, supra*, we stated that the remaining grounds for setting aside a judgment under N.D.R.Civ.P. 60(b) are left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. We surveyed the factors to evaluate whether a trial court abuses its discretion in denying a Rule 60(b) motion:

"An abuse of discretion by the trial court is never assumed and must be affirmatively established. *Dvorak v. Dvorak*, 329 N.W.2d 868, 870 (N.D.1983); *Avco Financial Services v. Schroeder*, 318 N.W.2d 910, 912 (N.D.1982). An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Dvorak*, 329 N.W.2d at 870; *Avco*, 318 N.W.2d at 912. A movant for relief under Rule 60(b) has a burden of establishing sufficient grounds for disturbing the finality of the judgment. *Avco, id.; Gajewski v. Bratcher*, 240 N.W.2d 871, 886 (N.D.1976). The moving party must also show more than that the lower court made a 'poor' decision, but that it positively abused the discretion it has in administering the rule. *Bender v. Liebelt*, 303 N.W.2d 316, 318 (N.D.1981). We will not overturn that court's decision merely because it is not the one we may have

made if we were deciding the motion. [*State Bank of Burleigh County Trust v.* ] *Patten,* 357 N.W.2d [239] at 242 [ (N.D.1984) ]; [*State v.* ] *Red Arrow* [*Towbar Sales Co.*], 298 N.W.2d [514] at 516 [ (N.D.1980) ].

\* \* \* \* \* \*

"A 60(b) motion is not to be used to relieve a party from free, calculated, and deliberate choices. *Hefty v. Aldrich,* 220 N.W.2d [840] at 846 [ (N.D.1974) ].

\* \* \* \* \* \*

"A 60(b) motion is not to be used as a substitute for an appeal. *Hefty,* 220 N.W.2d at 846." *Bjorgen, supra,* 389 N.W.2d at 794–796.

As previously noted, the Dobrovolnys' argument relates to whether PCA could purchase the sheriff's certificate from FLB or was required to redeem the property. However, the Dobrovolnys have not presented any reason to set aside the judgment within the criteria enumerated in Rule 60(b). The fact that the district court may have made a mistake of law does not justify setting the judgment aside under Rule 60(b).[2] The Dobrovolnys have not contended that their failure to initially raise these issues was anything other than a free, calculated, and deliberate choice. While the Dobrovolnys apparently were not represented by counsel when the judgment was entered, we have frequently said that our rules of procedure and statutes apply equally to parties who are represented by counsel and parties who choose to represent themselves, *e.g., Lang v. Basin Electric Power Cooperative,* 274 N.W.2d 253 (N.D.1979). In this case the Dobrovolnys' argument is essentially a substitute for an appeal and may not be made in the context of a Rule 60(b) motion more than a year after the entry of judgment.

**2.** We are not implying that the district court made a mistake of law. While we sustain the district court's order denying the Dobrovolnys' motion, we note that the merits of their argument to the district court are controlled by *Lang I* and *Lang v. Bank of Steele,* 415 N.W.2d 787 (1987) [*Lang II*]. *Lang II* reaffirms the language in *Lang I* that a creditor holding a subordinate lien upon property which has been foreclosed upon does not have to redeem and may make an outright purchase of a sheriff's certificate.

The Dobrovolnys have failed to demonstrate an unreasonable, arbitrary, or unconscionable attitude by the district court in denying their Rule 60(b) motion for relief from the judgment. Accordingly we conclude the district court did not abuse its discretion.

The district court order is affirmed.

VANDE WALLE, GIERKE and LEVINE, JJ., and BACKES, District Judge, concur.

BACKES, District Judge, sitting in place of MESCHKE, J., disqualified.

On appeal the Dobrovolnys have also raised an issue about the applicability of the anti-deficiency statutes and our recent decision in *Schiele v. First National Bank of Linton,* 404 N.W.2d 479 (N.D.1987). Even if that issue were within the scope of a Rule 60(b) motion, it was not raised in the lower court and may not be raised for the first time on appeal. *Farmers State Bank of Leeds v. Thompson,* 372 N.W.2d 862 (N.D.1985).