**Aleta Kaye VOLK, Plaintiff and Appellee,**

v.

**Pius VOLK, Defendant and Appellant.**

**Civ. No. 880241.**

Supreme Court of North Dakota.

Feb. 10, 1989.

As Amended Feb. 15, 1989.

---

Chapman & Chapman, Bismarck, for defendant and appellant; argued by Daniel J. Chapman.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for plaintiff and appellee; argued by Robert V. Bolinske.

ERICKSTAD, Chief Justice.

This is the third time we have considered matters related to the dissolution of the marriage of Pius and Aleta Volk. See *Volk v. Volk*, 376 N.W.2d 16 (N.D.1985) (hereinafter referred to as *Volk I*), and *Volk v. Volk*, 404 N.W.2d 495 (N.D.1987) (hereinafter referred to as *Volk II*), for information regarding events preceding this appeal. In the instant case, Pius has appealed from a judgment entered by the district court which granted Aleta's motion and ordered him to pay the unpaid real estate taxes on property awarded to Aleta. We affirm.

In the original judgment, entered November 26, 1984, the district court valued the Volks' marital estate at $834,817 and awarded Aleta property and cash totalling slightly over $258,000. *Volk I*, 376 N.W.2d at 17. The remainder of the estate, some $576,000, was awarded Pius. Aleta appealed from that judgment asserting that the trial court had made an inequitable property distribution. Upon a review of the record, we concluded that the findings of fact submitted did not support the disparity in the respective property awards and remanded, directing the trial court to either make more specific findings of fact in order to justify this disparity or reexamine the distribution as originally made. *Volk I*, 376 N.W.2d at 18.

Upon remand, the district court distributed one-half of the marital property and one-half of the marital debt to each party without making any further findings of fact. Pius appealed, contending that the district court failed to follow the directive of this Court. *Volk II*, 404 N.W.2d at 496. We agreed that our directive had apparently been misinterpreted, and so, in the interest of judicial economy, we redetermined the property division. We reversed the judgment of the district court and remanded with instructions to the trial court to "partition and distribute the marital property separately to each spouse with instructions that Pius is to receive two-thirds of the marital estate and Aleta to receive one-third." *Volk II*, 404 N.W.2d at 499.

On October 30, 1987, the court ordered that judgment be entered, providing in pertinent part as follows:

"I. Plaintiff Aleta Kaye Volk shall receive the following property and cash payments:

| | |
|---|---|
| North Hills 5th Addition | 64,000.00 |
| North One–Half Section 31, 138, 76 | 94,800.00 |
| 1932 Thompson Street Contract for Deed | 56,790.00 |
| One-half of Stocks | 4,550.00 |
| 1982 Chevrolet Citation | 4,400.00 |
| Aleta's Securities and Retirement Accounts | 15,566.84 |
| One-half Savings Account | 16,000.00 |

| | |
|---|---:|
| One-half of Grain | 7,650.00 |
| | $263,756.84 |

Cash–Monthly payments of $800.00 per month for 25 months commencing October 1, 1987 until paid in full with the right to prepay. This amount is part of the property settlement and is not alimony.

| | |
|---|---:|
| | 20,000.00 |
| Total to Aleta | $283,756.84 |

"II. Defendant Pius Volk shall receive all other personal and real property making up the marital estate as his separate property.

"III. In the event the property designated above to be received by Aleta Volk, or any part of it, is no longer in existence, Aleta Volk shall receive property or cash of comparable value."

No mention was made in the judgment concerning taxes. Neither party appealed from this judgment. On April 27, 1988, counsel for Aleta made a motion to the district court for an order directing Pius to pay all unpaid real estate taxes on real estate transferred to Aleta. Pius responded, and, in his return to the motion, argued among other things that the granting of the motion would constitute an amendment of the judgment already entered.

The trial court held a hearing on the matter and on June 1, 1988, entered an order directing Pius "to pay all back taxes on the real estate plaintiff Aleta Volk is to receive in the subject divorce action up to and including real estate taxes payable for the year 1987."

Pius has appealed from this order, claiming that the grant of the motion results in a modification of the judgment, after the time for appeal has expired, and that such modification disturbs the one-third/two-thirds directive from the Supreme Court because it does not take into account the taxes paid, or delinquent, on property awarded to Pius.

In its Memorandum of Decision, the trial court indicated that the authority to act on the motion was included in Rule 60(a) of the North Dakota Rules of Civil Procedure. Rule 60(a) reads in pertinent part:

"*(a) Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversights or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

In *Gruebele v. Gruebele,* 338 N.W.2d 805, 811 (N.D.1983), we said that:

"Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. [Cites omitted.] We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. [Cite omitted.] The rule is appropriately utilized only for 'the correction of irregularities which becloud but do not impugn [the judgment].' "

We further said that "[a] court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at time of trial." *Gruebele,* 338 N.W.2d at 811.

The trial court, in its Memorandum of Decision, stated that "[a]lthough the issue of unpaid taxes was not brought up at the hearing, it was the Court's intent that Plaintiff would receive the property free and clear of all liens, including tax liens."

Counsel for Aleta did not base his motion on Rule 60(a), or on any specific rule of civil procedure. The trial court, however, granted the motion under Rule 60(a). As we said in *Gruebele,* "although we would have preferred that change be made under Rule 60(b), N.D.R.Civ.P., we do not believe, under the circumstances of this case, a 60(b) motion procedure was required to correct what was an error arising from oversight."[1] *Gruebele,* 338 N.W.2d at 812.

---

1. Unlike the circumstances in *Gruebele* where the Rule 60(a) order was issued ex parte, Pius was notified of Aleta's motion regarding payment of real estate taxes. He had the opportu-

Neither party appealed from the last judgment entered by the district court, distributing the marital estate according to our instructions given in *Volk II.* If, in the opinion of either party, that judgment did not reflect a distribution in accord with our instructions, the appropriate remedy would have been to bring an appeal within the time allotted.

Our review of the record indicates that Pius had control over the property during the pendency of the proceedings and did not inform Aleta, her counsel, nor his own counsel, that taxes were not being paid on part of the property. Under these circumstances we think it was reasonable for the trial court to believe that the taxes on the property set over to Aleta were paid and thus an order carrying out such a belief was appropriate. It obviously would have been difficult for Pius' counsel to anticipate that the issue of unpaid taxes would arise subsequent to entry of judgment in light of the facts herein and thus he should not be faulted, but his client must be, and thus, Pius must suffer the consequences of his failure to alert his counsel so that he could perfect an appropriate and timely appeal.

We conclude that the district court's grant of Aleta's motion to correct the judgment was within the scope of Rule 60, and was not an abuse of discretion. We therefore affirm the district court's order directing Pius to pay the unpaid real estate taxes on land awarded to Aleta, through the year 1987. Costs on appeal shall be granted to neither party.

GIERKE, LEVINE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of VANDE WALLE, J., disqualified.

nity to respond and a hearing was held on the motion.