**Leland W. GROSS, Plaintiff and Appellee,**

v.

**Arva Del L. GROSS, Defendant and Appellant.**

**Civ. No. 900367.**

Supreme Court of North Dakota.

March 5, 1991.

Severin and Ringsak, Bismarck, for plaintiff and appellee; argued by Steven F. Lamb.

John J. Gosbee (argued), Mandan, for defendant and appellant.

LEVINE, Justice.

Arva Del L. Gross appeals from an order of the district court denying her motion for clarification of an original divorce decree. We reverse and remand.

By judgment dated April 26, 1989, the trial court granted Arva Del a divorce from Leland Gross on the grounds of extreme cruelty and adultery. The original judgment provided:

> "The marital home shall be immediately sold and Arva Del shall receive fifty percent of the net proceeds of [t]he sale. However, Leland may purchase the home from Arva Del for $12,500.00. Leland shall assume the mortgage. If Leland elects to purchase the home, he must do so within 30 days of the entry of decree.
>
> \*    \*    \*    \*    \*    \*
>
> "Leland shall be responsible for all marital debts."

The marital home was sold to a third party more than one year after the original divorce judgment was entered. The settlement statement shows that the gross sale price for the home was $45,000 less total reductions of $37,195.78 for net cash proceeds to the seller of $7,804.22. Asserting

that some of the items deducted from the sale price of the home were not intended by the trial court to be deducted in arriving at her share of the proceeds, Arva Del filed a motion requesting relief from the original divorce judgment or, in the alternative, for a clarification of the judgment. The trial court treated Arva Del's motion as a request for relief from the judgment pursuant to Rule 60(b), N.D.R.Civ.P., and concluded that Arva Del had not established a right to relief.

The property and debt listing shows that both Leland and Arva Del included a first mortgage and a second mortgage on the home as part of the marital debt. Leland valued the first mortgage at approximately $17,000 and the second mortgage at $2,415. He valued total marital debt at approximately $21,000. Arva Del valued each mortgage and the total marital debt somewhat higher.

The trial court found that the home had a value of $42,000 with a $17,000 mortgage resulting in a net equity to the parties of $25,000. The court made no reference to the second mortgage. As an alternative to selling the home with Arva Del getting one half of the net proceeds, the trial court gave Leland the option of purchasing Arva Del's interest in the home for $12,500. That option is consistent with the court's finding that the parties' net equity in the home was $25,000. However, the judgment also provided that Leland was to be responsible for the marital debts, which the court valued at $21,000. The court's judgment is ambiguous about what debts the court intended Leland to assume and what debts or reductions were intended to be deducted from the sale price of the home to compute Arva Del's share of the proceeds.

Further discussion of the facts and figures is unnecessary to resolve this appeal. Although her written motion was not a model of clarity, Arva Del did request a clarification of the judgment as an alternative form of relief. In *Wastvedt v. Wastvedt*, 371 N.W.2d 142 (N.D.1985), we held that, under appropriate circumstances, the division of property in an original divorce judgment may be clarified. We conclude that, under the circumstances of this case, it would be appropriate for the trial court to clarify the provisions of the original divorce judgment regarding division of the proceeds from the sale of the marital home and the marital debt to be assumed by Leland.

In accordance with this opinion, the order of the district court denying Arva Del's motion for relief is reversed and the case is remanded to the trial court for clarification of the original judgment.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.