**Wilmer H. CONITZ and Alma A. Conitz, Plaintiffs and Appellants,**

**v.**

**Betty CONITZ, a.k.a. Betty Lou Conitz; and Betty L. Conitz, Personal Representative of the Kenneth W. Conitz Estate, Defendant and Appellee.**

**Civ. No. 900211.**

Supreme Court of North Dakota.

March 19, 1991.

Bryan L. Giese, Mandan, for plaintiffs and appellants.

Jos. A. Vogel, Jr., of Vogel Law Firm, Mandan, for defendant and appellee.

LEVINE, Justice.

Wilmer Conitz and Alma Conitz appeal from an order denying them a new trial and relief from an order allowing Betty Conitz to remove property from real estate owned by Wilmer and Alma. We affirm.

The dispute between Wilmer and Alma, on the one hand, and Betty on the other, arose from the parties' dealings with farm property and contracts for deed for the property. Beginning in 1964, Betty Conitz and her late husband, Ken, lived on property owned by her in-laws, Wilmer and Alma. In 1971, Betty and Ken placed a double-wide mobile home on the farmstead and, in 1976, they built a garage and breezeway adjacent to their mobile home. In 1981, Ken purchased from his parents the farm property by contract for deed. In 1985, Ken and Betty signed a contract for deed with Wilmer and Alma which recited that Ken had defaulted on the 1981 contract and had given Wilmer and Alma a quitclaim deed. The 1985 contract reinstated the 1981 contract irrespective of the earlier default.

In 1989, Ken had died and Betty was in default on the contracts for deed. On April 19, 1989, a judgment was entered declaring Wilmer and Alma the owners of the property and cancelling the contracts for deed. Betty Conitz, individually and as personal representative of the estate of Kenneth W. Conitz, was ordered to give Wilmer and Alma a quitclaim deed and was given the right to occupy the land until September 15, 1989.

On May 8, 1989, Wilmer and Alma sought an order restraining Betty from selling certain buildings and fixtures at an auction she had scheduled. The district court granted Wilmer and Alma a temporary restraining order protecting their real property and fixtures from sale at the auction which was held to dispose of estate property.

On September 14, Betty moved for an order clarifying the restraining order. Her petition stated she was preparing to vacate the farmstead and that Wilmer and Alma had blocked the removal of the breezeway and garage attached to her mobile home. Wilmer and Alma submitted an affidavit that claimed they owned the breezeway and garage as fixtures by virtue of the 1989 judgment cancelling the contract for deed.

At a hearing on the motion, the district court heard oral testimony from Betty about the intent of the parties at the time the garage and breezeway were built in 1976. The contractor who was hired by Betty to move the garage and breezeway also testified about the physical characteristics of the property. Wilmer and Alma did not appear at the hearing, but were represented by counsel who offered photographs to show the physical characteristics of the contested property. The district court determined that there was an agreement that the breezeway and garage were personalty, and that the property, therefore, could be removed from the farm.

Wilmer and Alma filed motions for a new trial and for relief from the order. The trial court denied the motions and Wilmer and Alma appealed.

Wilmer and Alma urge us to treat Betty's motion for clarification as a motion for a judgment on the pleadings or summary judgment. They argue they are entitled to a trial on issues of disputed material fact. We disagree. The district court has the power to clarify a prior order. *See* *Gross v. Gross*, 466 N.W.2d 154 (N.D.1991); *Wastvedt v. Wastvedt*, 371 N.W.2d 142 (N.D.1985). Betty made her motion for clarification under Rule 3.2, North Dakota Rules of Court, and served notice of a hearing on the motion. The objective of the motion was to seek a determination whether the breezeway and garage were fixtures or personal property. The very purpose of the hearing was to aid the court in deciding the motion. There was no motion for a continuance. The district court was authorized to decide the motion for clarification after a hearing, notwithstanding the failure of Wilmer and Alma to appear. *See* Rules 7(b) and 6(d), NDRCivP; Rule 3.2, NDROC. We conclude that Betty's motion was not subject to the law of summary judgment.

Wilmer and Alma next assert that under the statute of frauds, it was improper for the district court to hear Betty's testimony because any agreement concerning the property had to be in writing. NDCC § 9-06-04(3). They did not raise

this objection at trial and it is, therefore, waived on appeal. *Anderson v. Otis Elevator Co.,* 453 N.W.2d 798 (N.D.1990).

■ Wilmer and Alma also challenge the merits of the district court's decision. In *Marsh v. Binstock,* 462 N.W.2d 172 (N.D. 1990), we held that parties may agree to treat fixtures as personal property. Whether there has been an agreement to treat fixtures as personalty is a question of fact. *Id.* We review factual findings under Rule 52(a), NDRCivP, and will reverse a finding only if it is clearly erroneous. *Koch v. Williams,* 456 N.W.2d 299 (N.D. 1990).

The evidence presented at the hearing included Betty's testimony that at the time she and Ken built the breezeway and garage, they intended that these structures would be moved with the double-wide trailer if they left the farm. Betty also testified that the structures had been used exclusively with the trailer as one unit. The moving contractor testified that the structures were anchored to a "floating slab" of concrete, one without permanent footings, and that they could be moved without permanent damage. Wilmer submitted an affidavit asserting Wilmer and Alma's ownership of the breezeway and garage.

Assuming, arguendo, that the breezeway and garage are fixtures, based on the evidence presented at the hearing, the district court found there was an oral agreement to treat them as personalty. We conclude that finding is not clearly erroneous.

Nor did the trial court abuse its discretion in denying post-order relief. Wilmer and Alma argue that they were entitled to relief from the order because they were surprised by Betty's testimony that there was an agreement to treat the breezeway and garage as personalty. They submitted affidavits rebutting Betty's assertion of an agreement. They also argue that they have newly discovered evidence, but they do not say what it is or what element of their claim it relates to. We conclude that the district court did not abuse its discretion when it denied the motions for relief from the clarification order.

Affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.