**LeRoy J. NEUBAUER, Plaintiff and Appellant,**

v.

**Mary M. NEUBAUER, Defendant and Appellee.**

Civ. No. 940127.

Supreme Court of North Dakota.

Dec. 2, 1994.

Dwight C.H. Kautzmann, Bair, Kautzmann and Bair, Mandan, for plaintiff and appellant.

James R. Brothers, Wold Johnson, P.C., Fargo, for defendant and appellee.

VANDE WALLE, Chief Justice.

LeRoy J. Neubauer appealed from the order denying his motion requesting correction of a divorce judgment. We reverse.

LeRoy Neubauer and Mary Neubauer were divorced in May of 1993. This appeal continues LeRoy's effort to require the trial court to explain one paragraph of the original divorce judgment, which says:

"XII.

In order to equalize the division of the assets and liabilities of the parties and recognizing the Defendant's disadvantaged condition, and because of the Plaintiff's better education, ability to earn a living, and ability to manage property, and because of the health conditions of the Defendant, the Plaintiff is ordered to pay the sum of $1,000.00 per month, commencing April 1, 1993, as and for spousal support and property settlement payments."

Following entry of the judgment, LeRoy requested and received a thirty-day extension to file an appeal. In October of 1993, several months after the expiration of the thirty-day extension, LeRoy filed a motion requesting that the trial court "correct" the judgment. LeRoy argued that it was unclear whether the $1,000 monthly award to Mary was spousal support or property division. LeRoy contended that it was legally impermissible to lump spousal support and property together, and that the judgment did not "comport with the laws of alimony."

The trial court treated the motion as one brought for clarification and relief from judgment pursuant to Rule 60(a) and Rule 60(b), NDRCivP, and denied the motion on the ground that LeRoy's sole motivation for requesting the clarification was to ascertain the tax consequences of the monthly payment. The trial court also concluded that LeRoy's motion was a collateral attack on the substance of the judgment that should have been raised on direct appeal.

On appeal, LeRoy argues that the trial court erred in refusing to clarify the judgment because the award of $1,000 monthly to Mary as property *and* spousal support is ambiguous and does not comport with North Dakota law. LeRoy does not seek to change the amount of the award, only to have clarified the allocation between support and property division.

▮ Mary relies on our rules of procedure to argue against entertaining the motion to clarify. She notes that both Rule 52(b) and Rule 59, NDRCivP, which allow an effort to amend, respectively, the factual findings or legal conclusions and judgment have a ten-day time limit from entry of judgment. We agree that insofar as LeRoy's motion to clarify was not filed within ten days of the entry of judgment, it did not qualify for relief under these rules.

▮ However, the trial court treated LeRoy's motion as a request for relief under Rule 60(a) or Rule 60(b), NDRCivP. There

is considerable overlap between Rule 59(e) and Rule 60. Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2817 (1973). There has not been much difficulty in construing or applying Rule 60(b)(*vi*) *in cases in which a motion is made within a year of judgment. These prompt motions for relief are granted if-justice requires it. Id.* at § 2864. Although the rule ordinarily is not to be used to remedy a failure to take an appeal, this is not an inflexible rule and in unusual cases a party who has not taken an appeal may obtain relief on a 60(b) motion. *Id.*

■ We have recognized a motion for clarification without reference to any particular rule of procedure, if there is an ambiguous provision in the judgment that creates an actual controversy between the parties. *Anderson v. Anderson,* 522 N.W.2d 476 (N.D.1994); *Sullivan v. Quist,* 506 N.W.2d 394 (N.D.1993); *Conitz v. Conitz,* 467 N.W.2d 93 (N.D.1991); *Gross v. Gross,* 466 N.W.2d 154 (N.D.1991); *Wastvedt v. Wastvedt,* 371 N.W.2d 142 (N.D.1985).

Other jurisdictions have reached a similar result. *See, e.g., Nelson v. Quade,* 413 N.W.2d 824 (Minn.App.1987) [Trial court may issue a declaratory judgment to clarify ambiguous order. Order is ambiguous because it gave only one dollar figure for property division and maintenance and it was not clear from face of order how to allocate between them]. *See also Anderson, supra,* at 478 [citing other Minnesota cases].

The obvious ambiguity in this judgment is one we would remand for clarification on direct appeal. *Urlaub v. Urlaub,* 325 N.W.2d 234 (N.D.1982) [before Supreme Court can determine whether or not distribution of property and award of alimony were clearly erroneous, it must understand trial court's rationale for its decision]; *Williams v. Williams,* 302 N.W.2d 754 (N.D.1981) [spousal support distinguished from property division].

■ Although this is not a direct appeal, neither is the contested provision a meaningless ambiguity of no material importance other than the basis for a dispute between contentious parties. If the amount awarded is property division, it is not subject to modification upon a change of circumstances. If it is spousal support, the amount is subject to modification upon a change of circumstances justifying such a modification. *E.g., Eberhart v. Eberhart,* 301 N.W.2d 137 (N.D.1981). Because spousal support is subject to modification upon a material change of circumstances justifying such modification, it is not final. The purpose behind the ten-day limitation in Rule 52(b) and Rule 59(j), NDRCivP is finality. *E.g., Conerly v. Flower,* 410 F.2d 941 (8th Cir.1969) [purpose of Rule 59 time limit to award judgment to provide finality for purpose of appeal]. A Rule 60(b) motion does not affect finality of the judgment. *Id.* Only if the monetary award is a property award is it final. *Eberhart, supra.*

Additionally, this Court has previously noted the problem of whether or not an award is property division or spousal support because "... deferred-property payments are dischargeable in bankruptcy, unlike spousal-support payments." *Redlin v. Redlin,* 436 N.W.2d 5, 8 (N.D.1989). *See also Martian v. Martian,* 399 N.W.2d 849 (N.D.1987). Parties and this Court have struggled with the issue where bankruptcy or potential bankruptcy is involved. *See, e.g., Seablom v. Seablom,* 348 N.W.2d 920 (N.D.1984).

■ The parties need not await a change in either party's circumstances to request the court to clarify whether the award is spousal support, subject to modification, or property distribution, which is not.

Furthermore, notwithstanding some reservation about "commingling of tax issues, whether they be entitled benefits, breaks, exclusions, or taxability, with the equitable division of property in a divorce action," *Fraase v. Fraase,* 315 N.W.2d 271, 278 (N.D. 1982) [Sand, J., concurring specially], *Briese v. Briese,* 325 N.W.2d 245 (N.D.1982), this court has come to recognize that matters of taxation are part of the pragmatic effects of the division of property and the award of spousal support and are to be considered in making those determinations. *Fraase, supra,* [remanded for determination of whether joint tax return may still be filed]; *Kaiser v. Kaiser,* 474 N.W.2d 63 (N.D.1991) [trial court should amend its property division if it con-

cludes that adverse tax consequence would result which could be avoided by a different equitable allocation of property]; *Gronneberg v. Gronneberg*, 412 N.W.2d 84 (N.D.1987) [remand necessary to determine whether husband would suffer adverse federal tax consequences resulting from assignment of property to wife]. *See also Bagan v. Bagan*, 382 N.W.2d 645 (N.D.1986).

Significantly, in *Stoelting v. Stoelting*, 412 N.W.2d 861, 865 (N.D.1987), we observed that "[p]arties to a divorce must necessarily consider tax consequences of divorce transactions. So also, a trial court, when it is properly informed, must take tax effects into account when it determines divorce transactions." *See also Dick v. Dick*, 414 N.W.2d 288 (N.D.1987); *Gorsuch v. Gorsuch*, 392 N.W.2d 392 (N.D.1986). *See generally*, Tracy A. Bateman, Annotation, *Divorce and Separation: Consideration of Tax Consequences in Distribution of Marital Property*, 9 A.L.R.5th 568 (1993).

Although *Stoelting* held that a trial court may not modify an obvious property settlement into spousal support because of a tax consultant's concerns the payments may not be deductible, that is not what LeRoy is asking here. As the Court noted in *Kaiser, supra*, 474 N.W.2d at 68, "[w]hen property is divided in a divorce, it is often insufficient to maintain each of the parties at the same standard of living as they enjoyed during the marriage." In such instance, the trial court should attempt to avoid reducing available assets through tax consequences so that the parties may preserve, as much as possible, their previous standard of living.

Rule 60(b)(vi), permits the court to review a final judgment for "any other reason justifying relief from the operation of the judgment." The motion under 60(b)(vi) must be made within a reasonable time. Here the motion was made beyond the time to appeal, but well within the one year time specified from Rule 60(b)(i)(ii)(iii) motions. We believe the motion was made within a reasonable time.

The tax consequences are significant and the judgment creates an actual controversy between the parties. This is reason for justifying relief from the operation of the judgment. To the extent that LeRoy's motion requests clarification as to whether the amount awarded, or a portion thereof, is spousal support or property division, we reverse the order denying relief and remand for clarification.

SANDSTROM and MESCHKE, JJ., concur.

LEVINE, Justice, dissenting.

I certainly agree with the majority that "matters of taxation are part of the pragmatic effects of the division of property and the award of spousal support and are to be considered in making those determinations." What I disagree with is how those tax matters are to be reviewed by this appellate court. Apparently, the majority has provided litigants a choice of avenues: an appeal or a motion to clarify. I believe that is wrong and I therefore dissent.

Actually, there are several reasons for my disagreement. The first is rather obvious. Rule 60(b) is not to be used as a substitute for appeal. *E.g., Production Credit Ass'n v. Dobrovolny*, 415 N.W.2d 489 (N.D.1987); *First National Bank of Crosby v. Bjorgen*, 389 N.W.2d 789 (N.D.1986); *City of Wahpeton v. Drake–Henne, Inc.*, 228 N.W.2d 324 (N.D.1975). By condoning a procedure that allows LeRoy to choose between appealing or "seeking clarification" under Rule 60(b), the majority institutionalizes the corruption of our rules.

It also dramatically reduces the burden on the moving party under Rule 60(b). Traditionally, we have required that the party requesting relief from a final judgment under Rule 60(b)(vi) demonstrate specific, extraordinary grounds which justify disturbing the finality of the judgment. *E.g., Bjorgen, supra.* This is because the relief provided by subdivision (vi) is deemed extraordinary. *Drake–Henne, Inc., supra.* While motions to modify support judgments are an exception to our finality rule, modification requires a material change in circumstances, not just any old change. So even modification of judgments must be viewed in the context of the usual homage paid to the finality of judg-

ments. I do not know why LeRoy did not appeal from this judgment and complain about the uncertainty of its tax consequences. After all, whatever uncertainties inhere in the judgment have inhered there from the beginning and were not produced by subsequent events. *Compare with Anderson v. Anderson*, 522 N.W.2d 476 (N.D.1994) [request that father pay for child's first year of law school produced question as to meaning of the phrase "four years of college"]; *Sullivan v. Quist*, 506 N.W.2d 394 (N.D.1993) [party's request for reimbursement of child's college expenses raised question of which expenses judgment permitted be reimbursed]; *Wastvedt v. Wastvedt*, 371 N.W.2d 142 (N.D.1985) [sale of marital home produced question as to the continuation of ex-spouse's duty to make mortgage payments]. But LeRoy didn't appeal. As it turns out, he didn't have to. The majority forgives his trespass, all too blithely, I think. While the merits may favor LeRoy, our reaching them ought not muddy up our procedure which till now has been straightforward and unremarkable: to correct error, appeal. *See Matter of Estate of Hansen*, 458 N.W.2d 264 (N.D.1990) [error of law is not grounds for relief under NDRCivP 60(b) ]; *Dobrovolny, supra* [fact that trial court made a poor judgment or one which this court would not have made does not justify Rule 60(b) relief].

The majority also sidesteps the lesson derived from our prior cases involving clarification. In each of those cases, it was necessary to clarify an ambiguous provision in the judgment that actually hindered enforcement of the decree because the ambiguity created a real controversy between the parties. *Anderson, supra*, [clarification necessary to resolve father's liability for educational expenses of daughter]; *Sullivan, supra* [clarification necessary to resolve parties' dispute over permissible reimbursement from marital property for children's educational expenses]; *Conitz v. Conitz*, 467 N.W.2d 93 (N.D.1991) [clarification necessary to enforce temporary restraining order by determining its application to particular property]; *Gross v. Gross*, 466 N.W.2d 154 (N.D.1991) [clarification necessary to enforce distribution of the proceeds of the sale of the marital home];

*Wastvedt, supra* [clarification necessary to enforce provision requiring indefinite mortgage payments by one spouse]. These cases illustrate the point that a motion to clarify is appropriate only when clarification is necessary to aid in enforcement of the judgment.

Here, there is no obstacle to enforcement and no need for clarification to enforce the decree. LeRoy is paying $1,000 a month and there is no dispute between the parties. While a dispute may arise upon Mary's remarriage or a material change in either party's circumstances, it is not manifest in this case. *See Snortland v. Crawford*, 306 N.W.2d 614 (N.D.1981). In effect, the majority has given a verboten advisory opinion.

Now that litigants have been bestowed the opportunity to correct alleged error in a decree by a motion to clarify, rather than by a direct appeal, I assume they will take ready advantage of that loophole. It certainly expands this court's jurisdiction beyond the rather narrow confines of a sixty-day deadline to appeal from a judgment. The majority has extended the welcome mat to a significant new class of litigants.

I would affirm the trial judge because his decision that LeRoy was using the motion to clarify as a substitute for appeal was rational, noncapricious and represented a sound application of our case law to the facts, and because there is no real dispute between the parties as things now stand.

NEUMANN, Justice, dissenting.

I do not believe this is a Rule 60(b)(vi) case requiring that section's extraordinary remedy, nor do I believe the facts in this case present a live issue requiring clarification at this time. I agree with the trial court's determination that plaintiff's motion is simply a belated substitute for a timely appeal. Our standard of appellate review for denial of a Rule 60(b) motion is abuse of discretion. *Clooten v. Clooten*, 520 N.W.2d 843 (N.D. 1994). The same standard of review should apply to denial of a motion for clarification. I cannot say that the trial court acted arbitrarily, capriciously or unreasonably in deny-

ing plaintiff's motion in this case. I would affirm.