Pamela J. KOSTELECKY, Plaintiff and Appellant,

v.

Marvin G. KOSTELECKY, Defendant and Appellee.

Civ. No. 940402.

Supreme Court of North Dakota.

Sept. 22, 1995.

Daniel J. Chapman (argued), of Chapman & Chapman, Bismarck, for plaintiff and appellant.

Orell D. Schmitz (argued), of Schmitz, Moench & Schmidt, Bismarck, for defendant and appellee.

MESCHKE, Justice.

Pamela Kostelecky appealed from an amended divorce decree clarifying the property division and related tax burdens. We affirm.

Pamela and Marvin Kostelecky were married in 1966 and subsequently divorced. They reconciled and remarried in 1976. They acquired stock in two closely held corporations, Sax Motor Company and General Investment Corporation [GIC]. GIC owned the land and buildings where Sax Motor operated. Sax Motor was an automobile dealership in Dickinson that had been owned by Pamela's family for three generations.

Pamela filed for divorce in 1992. The trial court valued Sax Motor at $637,106 and GIC at $353,000. Pamela received all stock in the two corporations and was ordered to pay Marvin $150,000 with interest in five annual installments. Pamela was ordered to direct Sax Motor to forgive a debt of $37,106 owed by Marvin for past insurance premiums and to deliver title to a $25,000 vehicle to Marvin. In making these distributions, the court valued the stock of Sax Motor decreed to Pamela at $600,000 with the notation, "net after forgiveness of insurance premium note receivable from Marv." Pamela received total net values of $853,434, while Marvin received $447,366 in values.

The divorce decree was entered on July 6, 1993. Neither spouse appealed.

At the end of 1993, Sax Motor issued a Form 1099 to Marvin showing the $37,106 debt forgiveness and $25,000 vehicle transfer as 1993 income to Marvin as a shareholder and employee. Marvin moved to amend the decree, asserting that the court did not intend to make Marvin bear the tax liability for these transactions. The trial court agreed and amended the decree nunc pro tunc. As amended, the decree compels Marvin to pay the $37,106 debt to Sax Motor and to pay $25,000 for the vehicle in two annual payments in 1998 and 1999, and compels Pamela to make corresponding payments on the same dates to Marvin. The effect of the amendment is to make these distributions non-taxable to Marvin, as contemplated by the court at the time of the original decree. Pamela appeals from the amended decree.

Pamela argues that the trial court improperly modified the original decree, altering the substantive property rights of the spouses after the time for an appeal had passed. We disagree.

When a decree or judgment is vague, uncertain, or ambiguous, a trial court may clarify it. *Anderson v. Anderson*, 522 N.W.2d 476, 478 (N.D.1994); *Sullivan v. Quist*, 506 N.W.2d 394, 398 (N.D.1993). As we held in *Wastvedt v. Wastvedt*, 371 N.W.2d 142, 144 (N.D.1985), judicial action to later clarify the decreed obligations of the spouses is permissible if their substantive property rights remain essentially unchanged.

We elaborated in *Anderson*, 522 N.W.2d at 478:

Where, as here, the clarification has been done by the same trial court which ordered entry of the original judgment, logic suggests we should afford such a clarification considerable deference.... "[T]he [Minnesota] [S]upreme [C]ourt held that where the terms of a judgment are ambig-

uous or indefinite, upon a party's motion, the court that ordered the judgment may clarify or interpret it." *Hanson [v. Hanson],* 379 N.W.2d [230,] 232 [(Minn.Ct.App.1985)] (citing *Stieler [v. Stieler,* 244 Minn. 312], 70 N.W.2d [127,] 131 [(1955)]). Such "a clarification does not result in a judgment different from that originally ordered, but serves only to express accurately the thoughts which the original judgment intended to convey." *Id.* (citing *Stieler,* 70 N.W.2d at 132). We are persuaded by the logic of permitting a trial court, upon motion by a party, the ability to clarify its previous judgment. A clarification must, however, truly be a clarification of the original judgment and not merely a trial court's vehicle for amending or changing its original decree. *See Mitchell v. Mitchell,* 307 Mich. 366, 11 N.W.2d 922, 923 (1943) (requiring that clarifications of divorce decrees are to "be made with reference to the findings of fact and conclusions of law" of the original decree).

Because a court is clarifying its own decree, it quite naturally is in a position superior to ours for the construction of items commonly referred to as findings of fact. It only follows then that "[c]onstruction of its own decree by the trial court must be given great weight in determining the intent of the trial court." *Palmi v. Palmi,* 273 Minn. 97, 140 N.W.2d 77, 82 (1966).

We accord particular deference to an amendment when the same trial court clarifies its own prior decree.

■ This clarification is factually similar to one we upheld in *Volk v. Volk,* 435 N.W.2d 690 (N.D.1989). Aleta Volk was decreed certain marital real property but, upon transfer, she learned that her ex-husband had failed to pay past due real estate taxes on the land. The trial court granted her motion under NDRCivP 60(a) for an order directing him to pay the back taxes. The court specifically explained that, "'[a]lthough the issue of unpaid taxes was not brought up at the hearing, it was the Court's intent that [Aleta] would receive the property free and clear of all liens, including tax liens.'" *Volk,* 435

N.W.2d at 692. *See also Gruebele v. Gruebele,* 338 N.W.2d 805, 811 (N.D.1983). We affirmed the order clarifying the *Volk* decree, 435 N.W.2d at 692, holding that Rule 60(a) allows the trial court to correct errors created by oversight or omission that cause the decree to fail to reflect what was intended when it was entered.

In this case, the original decree similarly failed to specify which spouse was to bear the tax burdens associated with certain distributions to Marvin out of Pamela's Sax Motor corporation. At the hearing on the motion, Pamela's accountant testified that, when assets are taken out of a corporation, tax consequences result. He further testified that "[i]t has to be taxable to somebody," and that these distributions could be structured so that either Marvin or Pamela would be liable for the tax. Not surprisingly, given Pamela's status as the sole and controlling shareholder in Sax Motor, the distributions were structured by it to create a tax liability to Marvin, resulting in the issuance of the Form 1099 to him.

■ Because the original decree did not specify how the distributions were to be structured or who would be liable for the resulting taxes, the decree was ambiguous and clarification was appropriate. *See Anderson; Sullivan; Volk.* It was clear in the original decree that the trial court intended to award net values of the property and that, in receiving the corporations, Pamela was receiving them subject to all liabilities of the corporations. Both the insurance debt and the vehicle delivery became her obligations in receiving the much larger division of marital property. The court's express statement that Pamela received Sax Motor valued at $600,000, "net after forgiveness" of Marvin's note, evidences that the court originally intended that she was assuming Marvin's original debt. Likewise, Pamela, not her corporation, was ordered to cause delivery of the title to the $25,000 vehicle to Marvin.

Because this same trial court entered the original decree, we accord considerable deference to that court's decision to clarify it. *Anderson,* 522 N.W.2d at 478. By ordering Marvin to repay the debts to the corporation,

and by ordering Pamela to simultaneously reimburse Marvin for those payments, the ultimate substantive rights of the parties remain the same. This structuring of the transactions, however, relieves Marvin of the tax liability that he was never intended to bear.

Pamela urges that *Stoelting v. Stoelting,* 412 N.W.2d 861 (N.D.1987), requires a different result. In *Stoelting,* the spouses entered into a stipulated settlement that the husband would make certain payments to the wife as a property settlement, and no spousal support would be paid. The settlement was incorporated into the decree. The husband moved to amend a year after the decree was entered, claiming that the spouses had been mistaken about the tax consequences of the stipulation. The trial court amended the decree, changing the decreed property settlement to spousal support so the husband could deduct the payments for tax purposes. We reversed, *Stoelting,* 412 N.W.2d at 863–864, holding that this change in nature of the payments altered the substantive rights of the spouses and was an improper modification, not a clarification.

*Stoelting* differs from this case because the stipulation and decree were unambiguous: it was expressly agreed that the payments were intended as property settlement, and that no spousal support was decreed. The tax consequences, although allegedly unintended by the spouses, were discernible at the time the decree was entered. By subsequently converting the property payments into support payments, the court went beyond clarification.

In this case, the decree was ambiguous because it did not spell out how the distributions should be structured or who should bear the tax burdens. Trial courts should consider tax consequences when determining divorce transactions. *See Neubauer v. Neubauer,* 524 N.W.2d 593, 595 (N.D.1994); *Stoelting,* 412 N.W.2d at 865. Furthermore, Marvin was unaware at the time the decree was entered that the corporation would structure these transactions to be taxable to him, and he did not learn of this potential tax liability until he received the Form 1099. Marvin did not anticipate this event, and could not be expected to address it by direct appeal. As expressed by Levine, J., dissenting, in *Neubauer,* 524 N.W.2d at 597, when uncertainties in the decree arise from subsequent events, clarification may often be appropriate.

We conclude that, under the circumstances of this case, the trial court did not abuse its discretion in clarifying its prior decree. The amended decree is affirmed.

VANDE WALLE, C.J, and LEVINE, SANDSTROM and NEUMANN, JJ., concur.