**LeRoy J. NEUBAUER, Plaintiff and Appellant,**

v.

**Mary M. NEUBAUER, Defendant and Appellee.**

**Civil No. 960096.**

Supreme Court of North Dakota.

Sept. 10, 1996.

Dwight C.H. Kautzmann (argued), Bismarck, for plaintiff and appellant.

James R. Brothers (argued), Fargo, for defendant and appellee.

NEUMANN, Justice.

LeRoy J. Neubauer appealed from an amended judgment clarifying a provision of a prior divorce decree. We affirm.

LeRoy Neubauer and Mary Neubauer were divorced in May 1993. Their original divorce decree said:

"XII.

"In order to equalize the division of the assets and liabilities of the parties and recognizing [Mary's] disadvantaged condition, and because of [LeRoy's] better education, ability to earn a living, and ability to manage property, and because of the health conditions of [Mary], *[LeRoy] is ordered to pay the sum of $1,000.00 per month, commencing April 1, 1993, as and for spousal support and property settlement payments.*

"XIII.

"That such payments may be reviewed and the Court specifically reserves the right to change said payment if there is a substantial change in [LeRoy's] income due to loss of his job or substantial periods of unemployment, or upon retirement if his income is substantially lower than what it is at the present time.

"XIV.

"That said payments will continue on the 1st day of each month thereafter until the death of either party. In no event, however, will said payments terminate less than ten years from the date of entry of the Judgment and Decree herein." [Emphasis added].

In October 1993, after the time for direct appeal from the original decree had expired, LeRoy moved to clarify the judgment, asserting it was unclear if the monthly award of $1,000 to Mary was spousal support or property division. The trial court denied LeRoy's motion. On appeal, a majority of this court reversed and remanded "[t]o the extent that LeRoy's motion request[ed] clarification as to whether the amount awarded, or a portion thereof, [was] spousal support or property division." *Neubauer v. Neubauer*, 524 N.W.2d 593, 596 (N.D.1994) (*Neubauer I*).

■ On remand, the trial court concluded the monthly award of $1,000 to Mary was a property division, because:

"First, [LeRoy] has received the bulk of the real property accumulated by the parties during their marriage. Second, the

real property received by [LeRoy] is income producing property with a steady cash flow. Third, the property was purchased at relatively little value and is likely to increase over a period of time. Fourth, the real property was purchased with a significant amount of the insurance settlement funds which [Mary] received from an automobile accident. Fifth, considerable improvements have been made to the real property which have enhanced its value over the initial purchase. Sixth, it is likely that the rents will increase as the property value increases. Seventh, while there are tax consequences to this transaction, with her limited earning ability [Mary] is not in the position to pay taxes that result from any increase in income to her that a support award might trigger. [LeRoy] on the other hand is in a position because of his earnings and outside income to afford the tax consequences from a determination that the division herein is property settlement rather than support."

An amended judgment was entered modifying paragraph XII of the original judgment to require LeRoy to pay $1,000 per month "as and for property settlement payments." The amended judgment did not change paragraphs XIII and XIV. LeRoy appealed.

LeRoy asserts the trial court's clarification of the judgment to require him to pay $1,000 a month as a property settlement is contrary to law, because property settlements are not subject to modification despite paragraphs XIII and XIV of the amended judgment[1] and because the amended judgment results in a property award to Mary which is in excess of the value of the parties' marital estate.[2] Mary responds LeRoy's current ap-

1. *See Wastvedt v. Wastvedt*, 371 N.W.2d 142, 144 (N.D.1985) (property division not subject to modification, but may be clarified).

2. After the trial court clarified the original judgment, LeRoy submitted a proposed amended judgment requiring him to pay $1,000 a month as a property division until he had paid a total of $37,850.93, which is half of the $75,701.86 net marital estate found by the trial court. After correction of an obvious mathematical error, however, the trial court's memorandum decision reflects the court valued the parties' net marital estate at about $106,000.

Additionally, in calculating the parties' net marital estate, the trial court did not include property which LeRoy brought into the marriage. *Compare Grinaker v. Grinaker*, 553 N.W.2d 204 (N.D.1996) (property acquired prior to marriage by one spouse should be considered as part of the marital estate in determining an equitable property division); *Heley v. Heley*, 506 N.W.2d 715, 718 (N.D.1993) (same). The trial court's initial memorandum decision also reflects that, in addition to property brought into the marriage by LeRoy, the parties accumulated about $200,000 during their marriage. LeRoy's salary represented $100,000 and the other $100,-

peal is a substantive attack on the original judgment, which should have been made in a direct appeal and not in an appeal from a clarification of the judgment. Mary also argues the trial court's award of $1,000 a month as a property settlement is not clearly erroneous.

We have said if the same trial judge clarifies an original judgment, we afford the judge's clarification considerable deference. *Kostelecky v. Kostelecky,* 537 N.W.2d 551, 552 (N.D.1995); *Anderson v. Anderson,* 522 N.W.2d 476, 478 (N.D.1994). *Compare Botner v. Botner,* 545 N.W.2d 188, 190 n. 2 (N.D.1996) (de novo review when a court interprets the decree of another judge). In *Anderson,* 522 N.W.2d at 479, we said property divisions and support orders are treated as findings of fact under N.D.R.Civ.P. 52(a), and when the same judge clarifies an ambiguous provision of a property division, we review the court's clarification under the clearly erroneous rule.

Here, as required by the majority decision in *Neubauer I,* the same trial judge clarified an ambiguous property division and support provision in the original divorce decree. The majority decision in *Neubauer I* was limited to *clarification* of the ambiguity to ascertain the tax consequences of the award and to confirm whether the award was subject to future modification. *Neubauer I* did not, however, "bestow[ ] the opportunity to correct alleged error in a decree by a

motion to clarify, rather than by a direct appeal" and did not "expand[ ] this court's jurisdiction beyond the rather narrow confines of a sixty-day deadline to appeal from a judgment." *Neubauer I,* 524 N.W.2d at 597 (Levine, J., dissenting). Although some issues involved in this proceeding may have been grounds for reversal if a timely appeal on the merits was properly before us, our review of this appeal is limited by the specific language for remand in *Neubauer I.* We decline to extend the specific directive of *Neubauer I* to a substitute for an appeal on the merits.

LeRoy may not now raise substantive issues about the trial court's clarification, and our review of the clarification is under the clearly erroneous rule. *Anderson,* 522 N.W.2d at 479. We have reviewed the trial court's clarification of its own initial finding of fact, and we conclude the court's clarification is not clearly erroneous.

We therefore affirm the amended judgment.

VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ.

000 came from settlement proceeds for an auto-

mobile accident in which Mary was injured.